CHAPEL, ECKER & DOWLEY *et. al.* v. CLAPP *et. al.*

**Fraudulent conveyance:** PARTICIPATION IN FRAUD BY VENDEE. Where a vendor conveys property with the intent of defrauding his creditors, and such fraudulent intent is participated in by the vendee, his title to the property will not be protected nothwithstanding he paid a sufficient consideration therefor.

*Appeal from Wapello District Court.*

MONDAY, JULY 25.

ACTION in chancery to subject certain lands to a judgment against Adaline K. Clapp, one of the defendants, and in favor of plaintiffs. Decree for plaintiffs. The defendants appeal. The facts of the case are found in the opinion.

*Hendershott & Burton* for the appellants.

*A. W. Gaston* for the appellees.

BECK, J.—About the year 1839, one of the defendants, Mrs. Adaline K. Clapp, purchased of one Gossage lands amounting to about 349 acres, receiving from him a deed for about 77 acres thereof, and an obligation to convey the

Chapel, Ecker & Dowley v. Clapp.

rest upon payment of the remainder of the purchase money. The title of the lands, for which a deed was not executed, was in McClintock and Mrs. Given, and Gossage held their obligation to convey upon the payment of an amount of the purchase-money which he owed them upon the lands. Mrs. Clapp executed her notes to Gossage, one for $2,000, and the other for $824.73, the sum due on her contract with him for the land. McClintock afterward conveyed to Mrs. Clapp a part of the lands for which she had not received a deed. Mrs. Clapp subsequently conveyed by two separate deeds, made at different times, the lands for which she had secured deeds, to Leonard, who is joined as a defendant. A few months prior to these conveyances it was ascertained that Gossage would be unable to pay the amounts due from him to Mrs. Given for the lands, and thereupon it was arranged between him and Mrs. Clapp that he should be released from his obligation to convey the lands, and she should assume his payments, and take the conveyance of the lands from the parties he had contracted with. Upon this arrangement her $2,000 note was given up. The other note had before been placed in the hands of plaintiffs or their agent, to secure an indebtedness of Gossage to them. Subsequent to this arrangement, Mrs. Given conveyed the lands which Mrs. Clapp had purchased of Gossage, and for which she had not yet received a deed, to Philo L. Clapp and Lewis A. Clapp, sons of Mrs. Clapp, they assuming to pay the amount due upon the contract between Mrs. Given and Gossage. This was done upon an arrangement between the mother and her sons, and was about the date of this conveyance by Mrs. Clapp to Leonard, probably a month later. After this plaintiffs recovered judgment upon the note against Mrs. Clapp.

Plaintiffs in this proceeding seek to subject all of the above mentioned lands to their judgment, claiming that

the conveyance thereof to her sons and Leonard were, as to them fraudulent, and therefore void. By the decree of the district court the lands conveyed to the sons are held to be subject to the judgment ; the transaction as to them being found fraudulent in respect to plaintiff's rights, and the conveyance to Leonard is declared to have been given to secure the sum of $750, with interest, thereon, and is accordingly held to operate as a mortgage, and the lands conveyed thereby are held to be subject to plaintiffs's judgment after the payment of the amount so secured therein. The lands conveyed to the sons are ordered to be sold, and, in case the proceeds thereof do not satisfy the judgment of plaintiffs, the decree directs that the lands conveyed to Leonard be also sold, and that the amount secured to him be first paid, the remainder of the proceeds, or so much as may be necessary, to be applied to the payment of plaintiff's judgment.

The defendants insist that the decree of the district court is not supported by the evidence, and to reverse the findings of fact is the object of the appeal. Upon a careful examination of the evidence, which is not voluminous, we are of the opinion that it well supports the decree of the court below. A discussion of the evidence here would not prove profitable. We may state, however, two or three facts which are disclosed by the evidence, which lead us to concur with the district court. Leonard is a brother of Mrs. Clapp, and is a resident of Ohio. The land, since the alleged conveyance, has been in the possession of the other defendants. The conveyance was made to him at a time when Mrs. Clapp was pressed for payment of the claim of plaintiffs, and threatened to be sued thereon, and very near the time of the conveyance of the other lands to the sons. He gives no evidence in explanation of the transaction, and, indeed, we do not understand that the counsel of defendants complain of

the decision of the court below in holding the deed to him to be a mortgage.

The conveyance to the sons, with those of her brother, was of all the real property of Mrs. Clapp, and at or about the same time she sold them all her personal property. They had little or no property at the time, and for the lands it does not appear that they paid her any thing, the consideration being paid wholly to Mrs. Given. They were at the time living with their mother, the oldest being not much past twenty-one years of age, and the others being less than twenty. They had knowledge of the indebtedness of their mother upon the note and knew the extent of the property, and that she had, to them and their uncle, disposed of all of it. After the conveyance to them the mother continued to live with them, and there seems to have been no change in the family caused by this transaction. We do not see how the fact, which is attempted to be proved, namely, that they paid to Mrs. Given the full value of the land, can determine the case in their favor. If the object was to protect the land from their mother's debts, the transaction would be fraudulent, notwithstanding they paid full value for the land. If property be conveyed with the design on the part of the vendor, participated in by the vendee, to defraud his creditors, the vendee's title to the propeaty will not be protected, notwithstanding he paid a sufficient consideration therefor.

The counsel of defendants insist that the decree of the district court should have required the lands conveyed to Leonard to be first sold, and the proceeds, after paying the amount secured to Leonard, applied upon plaintiff's judgment, and the lands conveyed to the sons to be sold to supply any amount of the judgment that may remain unpaid after such payment.

As the counsel who make this objection appear for all

the defendants, Leonard included, and by making it must be understood as assenting, on the part of Leonard, to such a modification of the decree as will obviate their objection, and as such a modification can work no injustice to plaintiffs, for they will still resort to all the lands for the satisfaction of their judgment, though sold in a different order, we know of no reason why the modification suggested may not be made. The decree of the district court will therefore be modified by a proper decree in this court, requiring the sale of the lands conveyed to Leonard first, his incumbrance being first paid out of the proceeds, and the remainder of the proceeds to be applied upon plaintiffs' judgment, and the lands conveyed to the other defendants, the sons of Mrs. Clapp, to be sold to pay any amount remaining unsatisfied upon the judgment. The appellants will pay the costs of this appeal.

Modified and affirmed.