## PRESTON v. TURNER.

1. **Fraudulent conveyance: WHEN NOT.** To render a conveyance fraudulent, the fraudulent intent on the part of the grantor must have been participated in by or known to the grantee

2. **Evidence: JUDICIAL PROCEEDINGS.** The record of a judicial proceeding is not competent evidence against one who was not a party or privy thereto, and who makes no claim thereunder.

3. **Judgment: ASSIGNMENT OF.** The assignee of a judgment stands in no better position than his assignor.

4. **Equity: WHEN LEGAL TITLE WILL PREVAIL.** When the equities to real estate are equal the legal title, obtained by superior diligence, will prevail.

*Appeal from Benton District Court.*

THURSDAY, JUNE 19.

SUIT in equity by the plaintiff, who is an assignee of a judgment against Lewis Turner, to set aside a conveyance of a house and lot in Vinton, to Elizabeth Turner, as fraudulent; and to subject the same to the payment of his judgment. The cause was tried to a referee, who found for the defendants. In the district court, the plaintiff's exceptions were overruled and the report of the referee affirmed. On appeal to and trial in the general term, the judgment of the district court was affirmed. The plaintiff has now appealed to this court.

*C. H. Conklin* for the appellant.

*Shane & Cooper* for the appellees.

COLE, J. — We must affirm this judgment for at least three reasons:

*First.* The testimony will not justify the conclusion that Elizabeth Turner was either guilty of a fraudulent intent, or possessed of the knowledge of such intent on the part of her husband, even if it be fully conceded that his intent was

fraudulent. Having paid value for the property, and no fraud upon her part being shown, her title should be protected.

*Second.* The judgment claimed by plaintiff was recovered by Dennis Perkins against Lewis Turner, for $1,313.52, on the 11th day of April, 1856; it was assigned by Perkins to N. C. Turner, April 14, 1858; and by N. C. Turner to I. B. Hinkley, June 18, 1859; and by Hinkley to the plaintiff in 1863. It is claimed by plaintiff that Lewis Turner, being largely indebted in 1855, did then convey and deliver a large amount of property, including a stock of drygoods and real property, to N. C. Turner, with intent to defraud his creditors. The evidence shows that N. C. Turner did then receive from Lewis Turner considerable more property than he paid for, and that he was, at the time the judgment was assigned to him, indebted to Lewis Turner in an amount much greater than the judgment. Lewis Turner testifies in this case, both in his sworn answer to the interrogatories annexed to the plaintiff's petition, and in his testimony before the referee on the trial of the cause, that N. C. Turner was, in consideration of his indebtedness to him, to pay off the judgment of Dennis Perkins, and that he did pay it at the time of the assignment, so that it is not a subsisting indebtedness against him. This evidence is uncontradicted by any testimony in the case which is competent against Elizabeth Turner. The only evidence offered as against the positive testimony of Lewis Turner is the record of a certain successful judicial proceeding by *Hinkley* v. *N. C. Turner and Lewis Turner*, to strike from the files a certain receipt given by the former to the latter in full for said judgment. Since Elizabeth Turner was not a party or privy to that proceeding, nor a claimant under it, the record was not competent evidence and did not establish any thing against her. So far, then, as the testimony in this case shows, the judgment, under which the plaintiff claims, had been fully paid off before the same was assigned to him. The assignee of a judgment is in no better position than his assignor. *Burtis* v. *Cook & Sargent*, 16 Iowa, 194.

*Third.* The testimony shows that Elizabeth Turner had

issued to her a bounty land warrant, in consideration of the services of her former husband in the Mexican war; that she had caused the same to be laid on the north-east fractional quarter of section three, township ninety-one, range thirteen west, containing one hundred and seventy-three and seventy-two hundredths acres in Bremer county, and that a patent had issued therefor to her; that by an arrangement between herself and husband she conveyed that land to Conrad, Thompson & Co., in payment of a judgment $1,750 recovered by them (contemporaneously with plaintiff's judgment) against her husband, Lewis Turner, in consideration for the property in controversy, which was conveyed by a debtor of her husband to her. But it is also shown, and this fact is pressed upon our attention, that the land was only worth $800, while the property in controversy was worth $1,400. This equity is met by the fact that the land paid $1,750 of her husband's indebtedness, and left him thereby that much better able to pay off the plaintiff's judgment. The practical effect is simply this: the defendant, Elizabeth Turner, has obtained the legal title to the property in controversy for the satisfaction of a judgment against Lewis Turner for $1,750, at an actual cost to her of $800; and the plaintiff asks in a court of equity that she shall be required to surrender that legal title to him in order to satisfy another contemporaneous judgment against Lewis Turner for $1,313, and for which it is not shown that he paid even a tenth part as much as she paid. The plaintiff's equity is no higher, surely, than the defendant's, and therefore she, having without fraud on her part acquired the legal title, must be protected in it.

Affirmed.