Tootle & Maule v. Dunn.

TOOTLE & MAULE, ET AL., APPELLEES, v. PETER DUNN AND THOMAS MOORE, APPELLANTS.

1. **Vendor and Vendee: Fraud.** Where a vendee has participated in the fraud of the vendor, by accepting from him a conveyance of real estate, with the intent to hinder, delay, or defraud the creditors of such vendor, the conveyance will be void as to those creditors, even though full consideration has been paid for such property.

2. **Fraud. EVIDENCE.** Fraud is never presumed, but must be proved, and the degree of proof necessary to establish it is the same in equity as at law.

3. —— : ——. The question of fraudulent intent is one of fact and not of law.

4. **Real Property. BONA FIDE PURCHASER.** A *bona fide* purchaser, for a valuable consideration, without notice, is protected, whether purchasing from the fraudulent grantor or grantee.

APPEAL from the district court of Gage county. Tried below before WEAVER, J. The opinion states the facts of the case.

*Hastings & McGintie*, for appellants.

I.   If by the testimony it be found that Dunn, at the time he conveyed the land, was insolvent, this does not vitiate the transfer; the statute does not deprive a man of the power to sell or otherwise dispose of his property although he may be insolvent. *Pecot v. Armelin*, 21 La., 667. *Smith v. Henry*, 2 Bailey, 118.

Many sales made in the ordinary course of business may, and do, defeat creditors who could have levied on the property sued had it remained in possession of the vendor a while longer, yet these sales are valid. *Atwood v. Impson*, 5 C. E. Green, 150.

II.   Mere insolvency alone, then, does not vitiate any transfer; there must be coupled with it an intent to hinder, delay, or defraud creditors, and when the transfer is made, as in the case at bar, for a valuable consideration, there must be not only a fraudulent intent on the part of Dunn, but also a participation in that intent on the part of Moore; for our statute of frauds, General Statutes, section twenty-one, page three hundred and ninety-five, excepts from its operation all transfers of estates and interests which are made for a valuable consideration, unless it appears that the purchaser had previous notice of the fraudulent intent of the vendor *Seymour v. Wilson*, 19 N. Y., 417.

It is a fair and reasonable presumption to a man paying a full and adequate consideration in good faith for the property, that the purchase so far from diminishing the means of the vendor for paying his debts, will afford him a facility for so doing. *Pierson v. Tom*, 1 Texas, 557. And it would seem that notice of insolvency of

vendor by vendee would not vitiate a transfer—there must be notice of fraudulent intent; and it is upon these grounds that the rights of the grantee who acts in good faith and gives a valuable consideration are protected, although there may have been a fraudulent intent on the part of the grantor. *Heroy v. Kerr*, 21 Howard Prac., 409. *Carpenter v. Muren*, 42 Barbour, 300. *Waterbury v. Sturtevant*, 18 Wendell, 353. *Waters v. Riggin*, 19 Md., 536. *Hessing v. McClosky*, 37 Ill., 341. *Sibly v. Hood*, 3 Mo., 290. *Kittridge v. Sumner*, 11 Pick., 50. *Green v. Tanner*, 8 Met., 411. *Johnson v. Johnson*, 3 Met., 63. *Sands v. Hildreth*, 14 Johnson, 493. *Davis v. Tibbets*, 39 Maine, 279. *Blair v. Bass*, 4 Blackf., 539. *Thompson v. Sanders*, 6 J. J. Marsh, 94. *Violett v. Violett*, 2 Dana, 323. *Splawn v. Martin*, 17 Ark., 146. *Ewing v. Runkle*, 20 Ill., 448. *Frank v. Peters*, 9 Ind., 344. *Fifield v. Gaston*, 12 Iowa, 218. *Miller v. Bryan*, 3 Iowa, 58. *Palmer v. Henderson*, 20 Ind., 297. *Sisson v. Roath*, 30 Conn., 15. *Hutchinson v. Watkins*, 17 Iowa, 475. *Meixsell v. Williamson*, 35 Ill., 529. *Apperson v. Ford*, 29 Ark., 746. *Hamilton v. Staples*, 49 Conn., 316. *Leach v. Francis*, 41 Vermont, 670. *Byrne v. Becker*, 42 Mo., 264.

In the proof of a fraudulent intent the same rule prevails in equity as in law. The law does not presume fraud. It must be established by evidence; a court of equity is grounded on the same principles as a court of law in drawing inferences from the testimony placed before it. *Ford v. Chambers*, 19 Cal., 143. Bump on Fraudulent Conveyances, 564. *McConihe v. Sawyer*, 12 N. H., 396. *Doe v. Dignowitty*, 4 S. & M., 58. *Watkins v. Wallace*, 19 Mich., 57.

And the only exception we can find to this rule is where the price given by the grantee is wholly inadequate and unconscionable.

*M. B. C. True,* for appellees.

I.   The rule at law, that fraud must be proven and will not be presumed, does not obtain in suits in equity. *Ward, et al., v. Lamberth,* 31 Ga., 160.   *Hempstead v. Johnston,* 18 Ark., 141.   *Hollister v. Loud,* 2 Mich., 324.

II.   The question of fraudulent intent is scarcely ever susceptible of positive or direct proof, and must be established, if at all, by consideration of all the facts and circumstances in the case.   *Wright v. Grover,* 27 Ill., 430. *Purkitt v. Polack,* 17 Cal., 327, 328.   *Colquitt v. Thomas,* 8 Ga., 268.   *Ward v. Lamberth,* 31 Ga., 160.   *Hicks v. Stone,* 13 Minn., 438.   *Sands v. Codwise,* 4 Johnson, 536. *Stadtler v. Wood,* 24 Texas, 624.   *Weisinger v. Chisholm,* 28 Texas, 790.

III.   Indebtedness of grantor at time of conveyance is *prima facie* fraud, and the burden of proving good faith, and that grantor had enough to pay his debts, is then thrown upon the one interested in defeating the suit.   *Ellinger v. Crowl,* 17 Md., 375, *and cases cited.*

IV.   A conveyance of property by one largely in debt, especially if these debts are about to ripen into judgments, together with subsequent possession and continued enjoyment of the property by grantor, create presumptions of fraud which require clear and satisfactory proof of fairness on the part of the actors to remove, and this presumption is stronger when the conveyance is to a relative of the grantor, and the fact that a full price was to be paid for the property is not sufficient to rebut the presumption. *Johnston v. Dick,* 27 Miss., 277.

V.   Knowledge by vendee of fraudulent intent on part of vendor to hinder, delay, or defraud creditors,

although he has paid valuable and adequate consideration, avoids the deed and leaves the property subject to the debts of the grantor. *Weisinger v. Chisholm*, 28 Texas, 790.

VI.   If vendee had reasonable cause to believe vendor insolvent at time of the transfer, the sale is void. *Butler v. Breck*, 7 Met., 166–8.    *Gillett v. Phelps*. 12 Wis., 393 *Green v. Tantum*, E. Green, 105.

VII.   To rebut appearance of fraud, such a change of possession as is necessary to validity of a sale must be established by direct testimony. *Grover v. Gilbert*, 5 Phila. (Pa.), 135.

VIII.   When a presumption of fraud has been raised, it devolves upon the party claiming under conveyance attacked, to explain and establish the *bona fides* of the transaction. *Merrill v. Lock*, 41 N. H., 491.    *Purkitt v. Polack*, 17 Cal., 332.

IX.   When transfer is assailed by creditors as fraudulent, such transfer, to be held valid, must be shown to be *bona fide* and upon valid consideration. *Ferguson v. Gilbert*, 16 Ohio St., 88, 96.

MAXWELL, J

On the first day of February, 1875, an attachment was levied on the south-east quarter of the north-west quarter, and the east half and the south-west quarter of the south-west quarter of section one, in township three north, of range seven east of the sixth principal meridian, in an action pending in the district court of Saline county, wherein Tootle & Maule were plaintiffs, and Peter Dunn was defendant. In November of that year, the plaintiffs in that suit re-

covered judgment against the defendant, Dunn, for the sum of $1,138.43.

On the second day of March, 1875, another attachment was levied on the above described tracts of land in an action pending in the district court of Saline county, wherein Whitney, Bauserman & Co. were plaintiffs, and Peter Dunn was defendant. At the November term, 1875, of said court, the plaintiffs in said action recovered a judgment against Dunn for the sum of $634.07.

On the twenty-first day of January, 1875, Dunn conveyed the above described premises by warranty deed to Thomas Moore, one of the defendants, for an alleged consideration of $800, which deed was duly recorded on the twenty-seventh day of January, 1875. In November, 1875, the plaintiffs caused executions to be issued on their judgments, which executions were by the sheriff endorsed "no goods." The sheriff then levied the executions on the lands in question. This action was brought to set aside the deed from Dunn to Moore for the lands in controversy. It being alleged that said deed was made without consideration, and with the intent and for the purpose, as the said Thomas Moore then well knew, of delaying, hindering, and defrauding the said plaintiffs in the collection and amount of their claims.

Judgment was rendered in the court below in favor of the plaintiffs, to reverse which, the defendant, Moore, brings the case into this court by appeal.

Section seventeen, chapter twenty-five, General Statutes, 395, provides that: "Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods, or things in action, or upon the rents and profits thereof, made with the intent to hinder, delay,

or defraud creditors or persons of their lawful rights, damages, forfeitures, debts, or demands; and every bond or other evidence of debt given, suit commenced, or decree or judgment suffered, with the like intent, as against the persons so hindered, delayed, or defrauded, shall be void."

Section twenty-one provides that: " The provisions of this chapter shall not be construed in any manner to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

These sections of our statutes appear to have been copied substantially from 13 Eliz., C. 5, to prevent fraudulent conveyances.

In Twyne's case, 3 Coke, 80, P. was indebted to T. in the sum of £400, and he was also indebted to C. in the sum of £200. C. commenced an action against P. for the recovery of the amount due him; P. thereupon made a secret assignment to T. of all his goods and chattels without exception, in satisfaction of the debt, but continued in possession thereof, and sold a portion of the sheep and put his mark on others.

The court held that this was a fraudulent gift within the statute—13 Eliz., C. 5—although P. was actually indebted to T. in the sum of £400, and that a good consideration is not sufficient to take the case out of the statute, unless the deed be made bona fide also.

An intent to hinder, delay, or defraud creditors may be inferred from the grantors being insolvent at the time the conveyance is made, or from the fact that he is indebted in so large an amount that the conveyance necessarily will have that effect. But the question of fraudulent intent under our statute is one of fact and not of law. Bona fide purchasers, however, for a valuable

consideration without notice are protected, whether purchasing from the fraudulent grantor or grantee. In this case Moore swears positively that he paid $800 in cash for the land, and that he did not know that Dunn was in embarrassed circumstances, and unable to pay his debts.

No witnesses were called to testify as to the value of the land in question. The appraisers in the attachments estimate its value at $1,200, but their estimates are entirely *ex parte,* and we know nothing of their qualifications as experts. It is impossible, therefore, for us to say that the price paid by Moore for the land is so disproportionate to its value as to raise a presumption of fraud.

Fraud is never presumed, but must be proved, and the degree of proof necessary to establish it is the same in equity as at law. But from the nature of the case, it can not usually be established by direct testimony, and must therefore ordinarily be shown by circumstances. But where it is found that a vendee has participated in the fraud of a vendor, by accepting from him a conveyance of real estate, with the intent to hinder, delay, or defraud creditors of such vendor, such conveyance will be void as to those creditors, even though a full adequate consideration may have been paid for the property so conveyed. *Wright v. Brandis,* 1 Ind., 336. *Ruffing v. Tilton,* 12 Id., 260. *Chapel v. Clapp,* 29 Iowa, 194. Story's Eq., sec. 369. Twyne's case, 3 Coke, 81.

But the testimony in this case fails to establish the fact, that Moore purchased the land in question with knowledge that would lead him to believe that Dunn intended by such conveyance to hinder, delay, or defraud his creditors. The judgment of the district court is reversed, and the cause dismissed.

JUDGMENT ACCORDINGLY.