MONROE E. SMITH AND ADELBERT CRITTENDEN, APPELLEES, v. WILLIAM SCHMITZ AND CHARLES SCHMITZ, APPELLANTS.

1. **United States Homestead:** LIABILITY FOR DEBTS CONTRACTED. W. S. became a stockholder in a certain corporation in 1875. In that year and the year following, the corporation became indebted to the plaintiffs for goods sold at different times, a great part of which indebtedness was contracted prior to July 25, 1876. No notice of the debts owing by the corporation was ever published, but the record is silent as to the precise time when the corporation became in default for the want of such notice. The land of W. S., which it is sought to subject to the payment of a judgment obtained by the plaintiffs

Smith v. Schmitz.

against said corporation and all of the stockholders for the said indebtedness, was acquired under the United States homestead law, and the patent therefor was issued July 25, 1876. *Held*, That the land could not be subjected to such judgment.

2. **Vendor and Vendee:** FRAUDULENT CONVEYANCE. The lands in question had been sold and conveyed by W. S., who was a judgment defendant in the original suit, to C. S., before judgment, which sale and conveyance plaintiffs now seek to have set aside and declared fraudulent and void as to them. There was evidence tending to show a fraudulent intent on the part of W. S., the vendor, but none tending to show a fraudulent purpose on the part of C. S., the vendee, nor any knowledge or notice to him of the fraudulent intent of the vendor. *Held*, That to justify a decree divesting the vendee of title on the ground of fraud, he must be proved to have been actuated by a fraudulent intent himself, have known of the fraudulent intent of the vendor, or have received the conveyance without consideration, or with one grossly inadequate.

THIS was an action in equity brought in the district court of Butler county to set aside an alleged fraudulent conveyance of certain real property by defendant William Schmitz to defendant Charles Schmitz, and subject the same to the payment of a judgment recovered by plaintiffs against "The Alexis Mercantile Association," and the individual stockholders thereof, of whom William Schmitz was one. Plaintiffs had a decree in their favor in the court below before POST, J., and the defendants appeal.

*W. S. Geer* and *Dean & Garfield,* for appellants, cited Gen. Stat., 540. *Brinkerhoff v. Brown,* 4 Johns. Ch., 671. *Krichbaum v. Bridges,* 1 Iowa, 14. *Brink v. Morton,* 2 Iowa, 411. *Dussuame v. Burnett,* 5 Iowa, 95. *Crippen v. Hudson,* 13 N. Y., 161. *Greenwood v. Broadhead,* 8 Barb., 593. *North Amer. Fire Ins. Co. v. Graham,* 5 Sand., 197. *Reubens v. Joel,* 13 N. Y., 488. *Brooks v. Stone,* 19 Howard Pr., 395. *Howell v. Cooper,* 37 Barb., 582. *Roads v. Symms,* 1 Ohio, 281. Gen. Stat., 562, sec. 221. *Smith v. Rumsey,* 33 Mich., 183.

*Thornton v. Hook*, 36 Cal., 223. *Derby v. Weyrich*, 8 Neb., 174. *Green v. Farrar*, 5 N. W. R., 643. *Voorhies v. Childs' Executors*, 17 N. Y., 354. *Tootle v. Dunn*, 6 Neb., 93. *Galbreath v. Cook*, 30 Ark., 417.

*Clinton, Hart & Brewer*, for appellees, cited *Crowell v. Johnson*, 2 Neb., 154. Freeman on Judgments, 524. Wells Res. Adjudicata, sec. 556. *Woodruff v. Taylor*, 20 Vt., 65. *Rector v. Rotton*, 3 Neb., 172. *Rudolf v. McDonald*, 6 Neb., 164. Freeman on Judgments, 182. Kerr on Fraud, 199. Bump on Fraudulent Conveyances, 230, and cases cited. *Sillyman v. King*, 36 Iowa, 207. *Falconberry v. McIlravy*, 36 Id., 488. *Throckmorton v. Rider*, 42 Id., 84.

Совв, J.

There are several questions of great importance presented and ably argued by counsel in this case, but which it is not deemed necessary to pass upon, as they do not involve the merits of the controversy between the parties. Both of the defendants in their answers allege that the defendant Charles Schmitz acquired title to the lands in question under and by virtue of the laws of the United States granting homesteads to actual settlers upon the public domain; that the patent thereof issued on the twenty-fifth day of July, 1876, and that the claim or demand of the plaintiffs, or a large part of it, accrued prior to the issuance of the said patent. These allegations are not denied by the plaintiffs, specifically or generally, and therefore stand admitted. Section 2,295 of the Revised Statutes of the United States (the preceding sections of the same chapter (5) being devoted to the method of acquiring title under the homestead law) provides that "no lands acquired under the provisions of this chapter shall, in any event, become liable to the satisfaction of any

debt contracted prior to the issuing of the patent therefor."

It will scarcely be claimed, if the whole of the plaintiffs' demand accrued, or—to follow the language of the statute—the debt was contracted prior to the issuance of the said patent, that this action will lie. Because if the plaintiffs' debt or claim is one for which the land in question shall in no event become liable for the satisfaction of, then it would be idle for this court to inquire whether the sale from William to Charles Schmitz was made in good faith or not. The plaintiffs, by their pleadings, admit that "a large part" of their claim falls within the above description. The plaintiffs are the moving parties. They come invoking the extraordinary power of a court of equity to set aside and declare fraudulent and void, as to them, a deed of conveyance entered into with all the solemnities of law and spread upon the public records, and to declare the land liable to be sold to pay their claim. The law says that as to "a great part" of their claim this may not be done. They have, upon their own motion, consolidated their claim—that part as to which this might have been done, with that "great part" as to which it might not be done—into one judgment. It is therefore not within the equitable power of the court to grant that measure of relief which, so far as the point which I am now covering is concerned, the plaintiffs might otherwise have been entitled to.

But it is doubtful that in any event the said lands could be held liable to the satisfaction of the said debt. The liability of the defendant William Schmitz arose under the provision of the statute, which is in the following words: "Every corporation hereafter created shall give notice annually, in some newspaper printed in the county or counties in which the business is transacted, and in case there is no newspa-

per printed therein, then in the nearest paper in the state, of the amount of all the existing debts of the corporation, which notice shall be signed by the president and a majority of the directors; and if any corporation shall fail to do so, all the stockholders of the corporation shall be jointly and severally liable for all debts of the corporation then existing, and for all that shall be contracted before such notice is given." Gen. Stat., 200. Now, then, the defendant William is liable, by reason of his being a subscriber to the capital stock of the said Alexis Mercantile Association, and although the pleadings nowhere disclose the date of his subscription, yet, as he is charged with being a stockholder in the years 1875 and 1876, I think it sufficiently certain that he became a subscriber to the stock of the association prior to the twenty-fifth of July, 1876, the date of the issuance of the patent, so that, if I am correct in the view that his liability is based upon and dates from the act which made him a stockholder, then the " debt was contracted prior to the issuing of the patent " for the land; and the land can in no event become liable to the satisfaction thereof.

But upon the testimony the plaintiffs entirely fail to establish a cause of action against Charles Schmitz, the present holder of the title to the land. There is testimony tending to prove that the object of William in selling the land was to place it out of the reach of the creditors of the company. This testimony is far from satisfactory, being the recollection on the part of witnesses of the careless and boastful conversation of a party of men engaged in thrashing grain, among whom were several of the stockholders of said company, including William Schmitz; and the witnesses think that said William was one of those who boasted of having sold or transferred their land,

so that the said creditors could not reach it. But were this testimony ever so satisfactory and conclusive it would fall far short of making a case. It is not enough that the grantor of the lands should have been actuated by a fraudulent motive, but the grantee must have known of such fraudulent intent or have received the conveyance without consideration, or with one grossly inadequate. In the case at bar there is not a scintilla of testimony tending to prove any fraudulent knowledge or intent on the part of the defendant Charles, but on the contrary his own testimony is direct to the point that he had no such knowledge, and that he paid a full price for the land.

Therefore, without passing any opinion upon the other points discussed by counsel, I am satisfied from the above considerations that the plaintiffs have failed to show themselves entitled to the relief prayed or any equitable relief upon the case made.

The decree of the district court is therefore reversed, and the cause dismissed.

JUDGMENT ACCORDINGLY.