TEMPLE & LOVE, PLAINTIFFS IN ERROR, V. SMITH & CRITTENDEN AND OTHERS, DEFENDANTS IN ERROR.

| 13 | 513 |
|----|-----|
| 22 | 814 |
| 13 | 513 |
| 36 | 84 |
| 37 | 821 |
| 13 | 513 |
| a39 | 649 |
| 13 | 513 |
| a40 | 216 |
| 13 | 513 |
| 52 | 284 |
| 52 | 372 |
| 13 | 513 |
| 61 | 240 |
| 13 | 513 |
| 62 | 471 |

1. **Parties:** TRANSFER OF INTEREST. In case of a transfer of interest during the pendency of a suit, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted. This substitution may be made as often as there is a transfer of interest.

2. **Sale:** FRAUD. To avoid a sale, upon the ground that it is fraudulent as to creditors, the purchaser must have knowledge of the fraudulent purpose of the seller, or have notice of such facts tending to show a fraudulent purpose as would put a man of ordinary prudence on inquiry.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

*Hastings & McGintie,* for plaintiffs in error.

*Brown & Ryan Brothers,* for defendants in error.

MAXWELL, J.

In July, 1880, Parker & Sawyer were doing business at Dorchester, and were indebted to various parties from whom they had purchased goods in a very large amount. On the nineteenth day of July, of that year, at about 8 o'clock P.M., they sold their entire stock of goods to the plaintiffs, on credit, for the sum of $2,600, taking their unsecured notes therefor, payable in three, six, nine, and twelve months without interest. The inventory was taken between the hours of 8 P.M. on the 19th and 9 A.M. of the 20th, and the plaintiffs thereupon took possession of the goods. The plaintiffs, prior to this time, were in the grain business at Dorchester, and possessed property, the exact value of which does not appear, but of about the value apparently of $2,000. On the twenty-second of that month, certain

35

creditors of Parker & Sawyer commenced actions against them, and caused the goods in question to be attached as the property of Parker & Sawyer. The plaintiffs thereupon recovered the possession of the same by a writ of replevin. On the trial of the cause the jury returned a verdict in favor of the creditors and against the plaintiffs for the value of the goods, being the sum of $2,600.

The errors deemed material will be noticed in their order.

It appears from the record that at the October term of the district court of Saline county, Smith & Crittenden appeared and claimed to have an assignment of all the claims of the creditors, and asked to have the cause transferred to the U. S. circuit court, upon the ground that they were non-residents of the state. This was done. Afterwards the cause was remanded to the district court of Saline county, and the attaching creditors reinstated as parties. This is assigned for error.

Sec. 45 of the code provides that: "In case of the transfer of interest the action may be continued in the name of the original party, or the court may permit the party to whom the transfer is made to be made a party."

This is not limited to one transaction, but may be continued as often as a transfer is made. There is no error therefore in that regard.

We fully agree with the attorneys for the plaintiffs in error that to render a sale void as against creditors the fraudulent intent of the seller must have been participated in or at least known to the purchaser. *Tootle & Maule v. Dunn*, 6 Neb., 93. *Wake v. Griffin*, 9 Id., 47. *Preston v. Turner*, 36 Iowa, 671. *Drummond v. Couse*, 39 Id., 442. But where a purchaser has notice of the fraudulent intent of the person from whom he purchases, or has notice of such facts as would put men of ordinary prudence upon inquiry which would have led to a knowledge of the fraudulent purpose of the person selling the goods, he is not a *bona fide* purchaser. *Zuver v. Lyons*, 40 Iowa, 510.

*Jones v. Hetherington*, 45 Id., 681. *Bradford v. Beyer*, 17 Ohio State, 388. *Brown v. Cutler*, 8 Ohio, 142. When the intention of the person purchasing is to defraud the creditors of the seller, the sale is void as to such creditors, because the purchase was made in bad faith.

Nothing would be gained by an extended examination of the errors assigned. The testimony of the plaintiffs themselves shows that they had sufficient knowledge of the insolvency of Parker & Sawyer, and that the effect of the purchase would be to defraud the creditors of that firm. The knowledge that Parker & Sawyer were indebted in a very large amount, and that their creditors were pressing them, is clearly shown. The inability of the plaintiffs to pay for the goods is also proved, and the facts that the invoice was taken at night, and the bill of sale hastily prepared, are circumstances tending to show the want of good faith. Under the testimony in this case the jury would not have been justified in rendering a different verdict. It is very clear that justice has been done in the premises, and the judgment is affirmed.

JUDGMENT AFFIRMED.