Jennie A. McCreary, Appellee, v. D. H. Skinner, Sheriff, etc., et al., Appellants.

Fraudulent Conveyances: MORTGAGE TAKEN IN PART TO HINDER CREDITORS: GENERAL VERDICT INCONSISTENT WITH SPECIAL FINDING AND ADMISSIONS IN EVIDENCE. The plaintiff's husband being the owner of a stock of merchandise, and being indebted to divers persons, gave to the plaintiff a mortgage on said property as security for an indebtedness to her originating more than twenty years previous. In an action for conversion against the defendant, who had seized the mortgaged property under a writ of attachment in favor of another creditor of the husband, the plaintiff testified that her purpose in taking the mortgage was partly to prevent other creditors from taking the goods. The jury returned special findings to the effect that the mortgagor was insolvent when the mortgage was executed, that he was being pressed by creditors at the time, that it was because he was so pressed that he and the plaintiff talked of putting the mortgage on the property in controversy, that prior to this time the plaintiff had never made any demand of her husband for either payment or security, nor had received any written evidence of the indebtedness, that with the consent of the plaintiff the mortgagor gave another mortgage on the same property, prior to the plaintiff's mortgage, to one M., to secure him for services he might render in the future as an attorney, in the event that the plaintiff's mortgage was attacked by creditors, and that these two mortgages

covered all of the husband's property. *Held*, that these special findings taken in connection with the admissions of the plaintiff in evidence showed that the plaintiff's mortgage was taken in part to hinder or delay creditors, and being inconsistent with a special finding that the mortgage was taken without any fraudulent intent, and a general verdict in favor of the plaintiff, the defendant's motion for judgment, notwithstanding the verdict of the jury, should have been sustained.

*Appeal from Page District Court.*—Hon. A. B. Thornell, Judge.

Saturday, October 10, 1891.

Action to recover a certain stock of goods. There was a judgment for the plaintiff, from which the defendants appeal.—*Reversed.*

*T. E. Clark* and *Nathaniel B. Raymond*, for appellants.

*W. W. Morsman*, for appellee.

Granger, J.—The plaintiff is the wife of A. B. McCreary, who in February, 1886, was the owner of a stock of merchandise consisting of books, stationery, wallpaper, watches, jewelry, silverware, etc., and on the twenty-second of that month he made to the plaintiff a chattel mortgage thereon, to secure the sum of eight hundred and seventy-three dollars and thirty-two cents, due in six months. The mortgage, by its terms, gave to the mortgagor the right to sell, in the usual course of trade, from the stock, and from the proceeds of the sales to keep the stock at the present value; the mortgage to cover the additions thereto. Redhead, Norton, Lathrop & Co. was an attaching creditor of A. B. McCreary, and in March, 1886, by virtue of an attachment, seized, the stock of goods thus mortgaged, and the issues in this case involve the validity of the plaintiff's mortgage, the defendants' contention being that it is void as in fraud of creditors; and they rely

upon the admissions of the plaintiff in evidence, and the following special findings of the jury, to sustain their position, upon which they moved the court for a judgment in their favor, notwithstanding the general verdict:

"*First.* Was A. B. McCreary at the time of the execution of plaintiff's mortgage, on or about February 22, 1886, insolvent? *A.* Yes.

"*Second.* Was A. B. McCreary at the time of the execution of plaintiff's mortgage, on or about February 22, 1886, and for some time prior thereto, being pressed by creditors for the collection of their claims? *A.* Yes.

"*Third.* Was it because A. B. McCreary was being pressed by his creditors that he and the plaintiff first talked of putting the mortgage in controversy on his stock of goods, attached by defendants? *A.* Yes.

"*Fourth.* Did A. B. McCreary, with the consent of plaintiff, place a mortgage upon the property in controversy prior to plaintiff's mortgage, to secure a note of one hundred dollars to S. C. McPherrin, on account of services which he was to render in the future as an attorney, in the event that plaintiff's mortgage was attacked by creditors? *A.* Yes.

"*Fifth.* Had the plaintiff up to February 22, 1886, ever made any demand of A. B. McCreary for the payment or security of the various loans which she claims formed the consideration for the mortgage in controversy? *A.* No.

"*Sixth.* Had the plaintiff up to February 22, 1886, ever received from A. B. McCreary any written evidence of the indebtedness which she claims was the consideration of the mortgage in controversy? *A.* No.

"*Seventh.* Did plaintiff's mortgage cover all the property owned by A. B. McCreary which was subject to execution? *A.* Yes."

In addition to these findings, the plaintiff testified that her purpose in taking the mortgage was partly to prevent other creditors from taking the goods. In answer to a question if such was not her purpose, she answered, "Partly." This, with the answers to other questions put to her, admits of but the single conclusion that such was her purpose. The debt for which the mortgage was given was more than twenty years old, and consisted of money loaned to her husband, to be paid whenever she should want it to procure her a home, and no written evidence of the debt was ever given till 1886, when the mortgage in question was executed. The record, independent of her admissions as to her purpose, is a feeble showing of good faith, but with the findings and the admissions we think the motion for judgment for the defendants should have been sustained. It is true that the jury returned other findings, to the effect that the mortgage was not taken with a fraudulent intent, but the difficulty with these findings is they override the admissions of the plaintiff against herself, which are to be taken as true.

There is an attempt in argument to show that the admissions made on the cross-examinations should not prevail against other statements made by the plaintiff in her testimony. On the direct examination she said: "I had no other object in taking that mortgage besides the security for my note." Much reliance is placed on this statement to bring the point within the rule that the question of fact as to a fraudulent intent is one for the jury. It is to be borne in mind that the plaintiff is a witness in her own behalf, and that statements or admissions deliberately made against her interest are to be taken as true, and we are to determine from her entire evidence if the statement that her motive in taking the mortgage was in part to hinder and delay creditors was intentionally made, and of that we think there can be no doubt. The cross-examination was

quite thorough, and her attention was in many ways drawn to the importance of that particular point in the case; and indirectly, in different ways, she gave expression to the same conclusion, as that she believed it was "the reading of the mortgage" that she was to "let the mortgage stand until somebody else troubled him;" that she said when the mortgage was taken that he was to go on with his business until she "saw he was going to have business trouble," and that she intended to keep the creditors off "if he could go on with his business." It unquestionably appears that she and her husband thought when the mortgage was given that its validity would be tested by the creditors, and she consented that a prior mortgage for one hundred dollars might be placed on the stock, to secure an attorney's fee for services to be performed in resisting the creditors of her husband in an effort to set aside the mortgage. Taken together, the testimony clearly imports an intent on her part to admit that her purpose was in part to aid her husband in preventing his creditors from securing their pay from the stock of goods, which was all the property he possessed. The legal conclusion, then, from the finding by the jury and the admissions by the plaintiff, is that the mortgage as to creditors is void. See, on this point: *Davenport v. Cummings*, 15 Iowa, 219; *Wilson v. Horr*, 15 Iowa, 489; *Chapel v. Clapp*, 29 Iowa, 191; *Chapman v. Ransom*, 44 Iowa, 377; *Kohn v. Clement*, 58 Iowa, 589; *Craig v. Fowler*, 59 Iowa, 200; *Headington v. Langland*, 65 Iowa, 276; *Crawford v. Nolan*, 70 Iowa, 97.

With these views, the motion by the defendants for judgment should have been sustained, and the cause is remanded to the district court for that purpose. Reversed.