36   503<br>s52   283

ART ELIZA ALEXANDER v. JOHN OVERTON ET AL.

FILED MARCH 29, 1893.   No. 4359.

Action for Wrongful Sale of Land by County Treasurer: PROPER PARTY PLAINTIFF: HOLDER OF LEGAL TITLE. One M. purchased certain lands at tax sale and had the certificates and deeds made to one A., his sister. He testified that he had money belonging to her to invest and that he purchased the property in question. It was sought to impeach this testimony by showing that after the purchase he had made statements that on account of domestic difficulties he had taken the title in the name of his sister. *Held*, That as the money paid purported to be that of the sister and the titles were taken in her name she could maintain an action against the county treasurer and his sureties for the wrongful sale of the property.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.

*C. W. Seymour*, for plaintiff in error.

*John C. Watson, contra.*

. MAXWELL, CH. J.

This is an action upon four causes of action against the defendant and sureties on his official bond, for a wrongful sale of lands, as treasurer of Otoe county, to plaintiff; in other words, for selling lands where no title could pass by the sale. The answer is, prior adjudication, and that the plaintiff is not the real party in interest. On the trial of the cause the jury returned a verdict for the defendants, upon which judgment was rendered. The verdict is conceded to have been rendered for the defendants on the ground that the plaintiff was not the real party in interest. It appears from the testimony that the plaintiff is a sister of W. D. Merriam. It also appears that he purchased the lands in question and transacted all the business. Merriam testifies that he had money belonging to the plaintiff to invest and that he did so by purchasing the land in question for the plaintiff. We find no testimony contradicting this, but many witnesses testify that in a conversation they had with Merriam after these investments were made he stated in effect that he in fact had made the purchases for himself at tax sale but had taken the title in the name of his sister, and one witness testifies that he gave as a reason for so doing that he had had some family difficulty. Now, suppose all that proved as to statements of Merriam is true, it would not follow that he was the real party in interest. Leaving out of view the fact that the statements of an agent made after the transaction are not admissible against his principal, they are not sufficient to defeat the action. If the money invested in fact belonged to the plaintiff, the action could be prosecuted in her name, and the same is true if it was invested in her name. Suppose a brother should take the title to a tract of land in the name of his sister—the deed being made to her, will it be seriously contended that an action of ejectment could not be maintained in her name to

recover the possession? In law she would hold the legal title and would be the real party in interest. The common law did not recognize assignments of claims. They were supposed to foster litigation which in theory the common law did not favor. Hence if it was sought to bring an action on an assigned claim it was to be done in the name of the original party. The reason for this rule is stated in *Lampet's Case*, Coke's Rep. [Eng.], part 10, p. 48, as follows: "The great wisdom and policy of the sages and founders of our law have provided that no possibility, right, title, nor thing in action shall be granted or assigned to strangers, for that would be the occasion of multiplying of contentions and suits, of great oppression of the people and chiefly of terre-tenants, and the subversion of the due and equal execution of justice." (*Warmstrey. v. Tanfield*, 1 Rep. Ch. [Eng.], 29*; *Wright v. Wright*, 1 Ves. Sr. R. [Eng.], 411; *Mandeville v. Welch*, 5 Wheat. [U. S.] 283; *Bacon v. Bonham*, 33 N. J. Eq., 614; *East Lewisburg Lumber Mfg. Co. v. Marsh*, 91 Pa. St., 96; *Kountz v. Kirkpatrick*, 72 Id., 376; *Trull v. Eastman*, 3 Met. [Mass.], 121B; ispham's Eq., 214.)

The case of *Thalimer v. Brinkerhoff*, 20 Johns. [N. Y.], 386, decided by a divided court, seems to be one of great hardship where, under the forms of law, a party was robbed of his property on the ground that, as assignor, he had contributed to the expenses of maintaining an action. In equity the assignee of a chose in action may maintain an action in his own name. In the case at bar, however, there has not, so far as appears, been any assignment. The tax deeds were taken in the name of the plaintiff, and an action is now brought in her name to recover for the wrongs perpetrated by the defendant in selling the lands. The plaintiff holds the legal title to this claim. There is no claim that the prosecution of the action in her name will defraud the defendant or any one else. A judgment on this claim, either for her or against her, will be ample pro-

tection to the defendant. If the claim was assigned to Merriam, or any one else, it might be insisted that he was not the real party in interest, and it might be necessary to bring in the assignor as a witness to determine that question, but it does not arise in this case. Here the contract purports to have been made with the plaintiff, and the money was paid in her name. The contract relations that may exist between herself and Merriam do not arise in this case and need not be considered.

Section 30 of the Code provides: "The assignee of a thing in action may maintain an action thereon, in his own name and behalf, without the name of the assignor."

Section 31: "In the case of an assignment of a thing in action the action by the assignee shall be without prejudice to any set-off or other defense now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith, and upon good consideration before due."

Section 32: "An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way."

The contract in the case at bar purports to have been made by the plaintiff, and the deeds were made in her name, and she is authorized to bring the action. The judgment is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.