BANK OF COMMERCE OF GRAND ISLAND, APPELLANT, V. CHRISTIAN SCHLOTFELDT ET AL., APPELLEES.

FILED APRIL 17, 1894.     No. 5497.

1. **Fraudulent Conveyances:** PROOF OF FRAUD: PRESUMPTIONS. Fraud is never to be presumed. It must be proved. A creditor of a vendor seeking to invalidate a sale upon the grounds of fraud must prove facts from which a legitimate inference of fraudulent intent can be drawn. Evidence simply justifying a suspicion is not sufficient. *Jaege v. Kelley*, 52 N. Y., 274, followed.

2. ———: ———: ———: BURDEN OF PROOF. In the absence of evidence to the contrary, honest and fair dealing in all transactions are to be presumed; and if any person claims that there was fraud in any transaction, it devolves upon such person to prove the fraud, and it does not devolve upon the party charged with committing the fraud to prove that the transaction was honest. *Long v. West*, 31 Kan., 298, followed.

3. **Preferring Creditors:** EVIDENCE OF FRAUD. *Farwell v. Wright*, 38 Neb., 445; *Kilpatrick-Koch Dry Goods Company v. McPheeley*, 37 Neb., 800; *Jones v. Loree*, 37 Neb., 816; *Temple v. Smith*, 13 Neb., 513; *Smith v. Schmitz*, 10 Neb., 600, cited, applied, and approved.

APPEAL from the district court of Hall county. Heard below before HARRISON, J.

*W. A. Prince*, for appellant, cited: *Atkins v. Atkins*, 18

Neb., 476; *Tootle v. Dunn*, 6 Neb., 99; *Wake v. Griffin*, 9 Neb., 52.

*W. H. Thompson, contra*, cited: *Ensign v. Roggencamp*, 13 Neb., 33; *Leffel v. Schermerhorn*, 13 Neb., 342; Wait, Fraudulent Conveyances [2d ed.], p. 336, and cases cited.

*J. H. Woolley*, also for appellees.

RAGAN, C.

This is a creditor's bill brought by the Bank of Commerce of Grand Island, Nebraska, against Christian Schlotfeldt and Edward Hooper, and their wives, to set aside a conveyance of some real estate made by Schlotfeldt to Hooper, the bank alleging that such conveyance was made by Schlotfeldt with the fraudulent intent of hindering and delaying his creditors.

The answers of Hooper and Schlotfeldt deny all fraud, and allege that the conveyance was made for a valuable consideration and in good faith.

The only evidence in the case is that produced by the bank; and after it had rested its case the court, on motion of Hooper and Schlotfeldt, rendered a decree dismissing the action, and the bank comes here on appeal.

The question then is, admitting the truth of all the testimony offered, does it show that the conveyance was made and accepted with a fraudulent purpose? The evidence, summarized, is as follows: On the 5th of November, 1890, the bank brought a suit at law in the district court of Hall county against Schlotfeldt; on the 9th of December, 1890, judgment was recovered in this action against Schlotfeldt for $2,475; on the 15th of December, 1890, Schlotfeldt paid on said judgment, $574.47; that execution has been issued on said judgment and returned unsatisfied; that on the 28th of November, 1890, Schlotfeldt and wife, by warranty deed, conveyed the real estate in question to the appellee Ed-

ward Hooper; on the 29th of November, 1890, this deed was filed for record in the office of the recorder of deeds of Hall county; the consideration for the conveyance, as expressed in the deed, is $12,700; that the property was worth about that sum; that at the time of the conveyance Schlotfeldt was indebted in about the sum of $5,000 to other parties than the bank. The evidence does not show whether Schlotfeldt had any other property than that conveyed to Hooper; that Hooper told an officer of the bank after the conveyance had been made that he, Hooper, took the conveyance to secure himself. Counsel for the appellant insists that this evidence shows a fraudulent disposition of the property by Schlotfeldt. Counsel also insists that the transfer of his property by Schlotfeldt, during the pendency of the suit against him brought by the bank, and the fact that Schlotfeldt at the time was largely indebted to other parties, were and are badges of fraud. But if these circumstances are badges or indices of fraud, they simply afford grounds of inference, from which the trial court was authorized to conclude that the transaction was fraudulent; but we do not think that those indices of fraud were, or are, such that the trial court was necessarily compelled to find that the conveyance was fraudulent. Fraud is never to be presumed. It must be proved. A creditor of a vendor, seeking to invalidate a sale upon the grounds of fraud, must prove facts from which a legitimate inference of fraudulent intent can be drawn. Evidence simply justifying a suspicion is not sufficient. (*Jaege v. Kelley,* 52 N. Y., 274.) In the absence of evidence to the contrary, honest and fair dealing in all transactions are to be presumed; and if any person claims that there was fraud in any transaction, it devolves upon such person to prove the fraud, and it does not devolve upon the party charged with committing the fraud to prove that the transaction was honest. (*Long v. West,* 31 Kan., 298.) The return of the execution issued against Schlotfeldt unsatisfied raises the presumption that Schlot-

feldt was insolvent at that time; but a debtor in failing circumstances has the right to secure or pay in full a portion of his creditors to the exclusion of others, and whether in so doing he is actuated with a fraudulent purpose is a question of fact and not of law. (*Farwell v. Wright*, 36 Neb., 445; *Stewart v. Dunham*, 115 U. S., 61.) The only explanation in the record as to why this conveyance was made is the one given by Hooper that it was to secure himself. The intention on the part of a debtor to defraud cannot be inferred merely from the fact that he desires to and does prefer certain of his creditors. (*Jones v. Loree*, 37 Neb., 816.) We do not think that the evidence shows that Schlotfeldt made this conveyance with the intention to defraud his creditors, nor do we think that such a conclusion is necessarily inferable from all the evidence; but if we had reached that conclusion as to the purpose of Schlotfeldt, the decree appealed from would still have to be affirmed. The bank does not plead that Hooper accepted this conveyance for the purpose of enabling Schlotfeldt to defraud his creditors, and certainly there is no word of evidence which tends to show that Hooper, in taking the conveyance, was actuated with any such purpose. The only evidence in the record, as already stated, which shows what Hooper's intentions were is the statement which it is alleged he made that he took the conveyance to secure himself. He certainly had the right to do this; and the evidence does not show that at the time he took the conveyance he knew that Schlotfeldt was indebted to other parties, but if it did, that knowledge alone would not be evidence sufficient to support a finding that Hooper, in taking the conveyance, was actuated with a fraudulent purpose. To render this conveyance void the fraudulent purpose of Schlotfeldt in making it, if his purpose was fraudulent, must have been shared in by Hooper; he must have had knowledge of Schlotfeldt's fraudulent purpose, or have had notice of such facts tending to show Schlotfeldt's fraudulent purpose as would put a man of or-

dinary prudence on inquiry. (*Temple v. Smith*, 13 Neb., 513; *Smith v. Schmitz*, 10 Neb., 600.)   The judgment appealed from must be and the same is

AFFIRMED.

HARRISON, J., not sitting.