### Art Eliza Alexander v. John Overton et al.

Filed September 22, 1897.    No. 8125.

1. **Taxation: Action for Wrongful Sale of Realty: Parties.** An action against a county treasurer and his sureties for the wrongful sale of property for taxes is properly brought in the name of the person to whom the certificates of tax sale and treasurer's deed were issued and the money invested belonged.

2. **Parties: Transfer of Plaintiff's Interest.** Where the interest of a plaintiff is transferred to another during the pendency of the cause, the suit may be prosecuted to its termination in the name of the original plaintiff, or the transferee may be substituted as plaintiff.

Error from the district court of Otoe county. Tried below before Chapman, J. *Reversed.*

*C. W. Seymour*, for plaintiff in error.

*John C. Watson* and *John W. Dixon, contra.*

Norval, J.

This is the second appearance of this cause in this court. (*Alexander v. Overton*, 36 Neb., 503.) The action was brought under section 71, chapter 66, General Statutes, 1873, against the principal and sureties on the official bond of John Overton, as treasurer of Otoe county, to recover for the wrongful sale by him to plaintiff of certain real estate for taxes. The sole defense relied upon is that plaintiff is not the real party in interest. On the last as well as the first trial in the court below this issue was determined in favor of the defendants. On the former hearing in this court a reversal of the judgment was entered for want of sufficient evidence to sustain the said defense. In the opinion then filed it was held that plaintiff could maintain it, since it was proven that the lands were purchased from defendant Overton at tax sale in the name of plaintiff with moneys purporting to belong to her. On the last trial it was likewise estab-

lished by undisputed testimony that the lands in contro-
versy were purchased for plaintiff by her brother W. D.
Merriam; that he paid the money for her on the several
sales to the defendant Overton, and that the latter made
the certificates and tax deeds to plaintiff. These facts jus-
tified the bringing of the suit in her name when the same
was instituted, no assignment of the causes of action at
or prior to that time having been shown.

John A. Rooney, an attorney at law, in the office of John
C. Watson, counsel for defendant, testified on the second
trial that on his return from a business trip east, at the
request of Mr. Watson he called upon plaintiff at her
home in Sigourney, Iowa, and had a conversation with
her, in which she stated she was a sister of W. D. Mer-
riam; that she was not interested in any suits pending in
the district court of Otoe county under the title of Art
Eliza Alexander against John Overton; and that she
possessed no money of her own. This testimony was
wholly insufficient to defeat the action, and is easily
reconciled with the evidence adduced on behalf of the
plaintiff. W. D. Merriam testified, and his testimony is
uncontradicted, that he bought the lots at tax sale from
Mr. Overton for plaintiff, Mrs. Alexander, with her money
and in her name; that he had no interest in the purchases;
and that in January, 1894, since the commencement of this
action and prior to the said conversation which Mr.
Rooney had with plaintiff, Mr. Merriam purchased all of
his sister's interest in this suit. The assignment was
introduced in evidence, and is found in the bill of excep-
tions. While Mrs. Alexander did not in fact have any
interest in the litigation at the time she conversed with
Mr. Rooney, she was the real party in interest at the time
the suit was brought. The assignment by plaintiff to Mr.
Merriam did not abate the action, but the latter, under
section 45 of the Code, had the undoubted right to prose-
cute the suit to final termination in the name of the origi-
nal plaintiff. (*Magemau v. Bell*, 13 Neb., 247; *Temple v.
Smith*, 13 Neb., 513; *Dodge v. Omaha & S. W. R. Co.*, 20

Neb., 276; *Howell v. Alma Milling Co.*, 36 Neb., 80.)   Under the evidence the court should have directed a verdict for the plaintiff.   The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

HARRISON, J., not sitting.