MENDELSON, Appellant, vs. PASCHEN, Respondent.

*April 4 — April 17, 1888.*

*(1, 2) Execution: Levy subject to mortgage: Estoppel: Amendment of return. (3) Debtor and creditor: Fraudulent conveyance: Evidence: Perverse verdict.*

1. A sheriff who has levied an execution subject to a certain mortgage, and has so stated in his return, is estopped to question the validity of the mortgage; and he has no right in such case to take the property from the possession of the mortgagee.
2. If the return of the sheriff in such case is amendable it can be amended only upon proof that it was made by mistake and that it is untrue, with due notice to the parties interested in it, and by the court in which it is a part of the record.
3. The verdict of the jury in this case that a chattel mortgage was not given in good faith to secure an actual indebtedness, but was given with intent to hinder, delay, and defraud creditors, is *held* to have been clearly unwarranted by the evidence.

APPEAL from the County Court of *Milwaukee* County. Action against a sheriff for the conversion of personal property. The facts are stated in the opinion. There was a verdict for the defendant; a motion for a new trial was

denied; and from the judgment entered on the verdict the plaintiff appealed.

*W. C. Williams*, for the appellant.

For the respondent there was a brief by *Somers, Somers & Dorr* and *Burke & Meyers*, and oral argument by *T. F. Somers*. To the point that the sheriff should be permitted, before or after judgment, to amend his return to process, in accordance with the facts, they cited *In re Remington*, 7 Wis. 643; *Moyer v. Cook*, 12 id. 335; *Bacon v. Bassett*, 19 id. 45; *Northrup v. Shephard*, 23 id. 513; *Robertson v. Kinkhead*, 26 id. 560; *Wait v. Sherman*, 61 id. 119; *Decker v. Armstrong*, 87 Mo. 316.

ORTON, J. One Augusta Boaz was a merchant in millinery goods, and had a stock of the value of about $2,232. She was being pressed by some creditor, and asked the plaintiff for a loan of $830 to be secured by a mortgage on said stock. He gave her the money by giving his check to the attorney of such creditor, and said check for such amount was paid by the bank on which it was drawn, and the claim of such creditor was in this way paid and discharged. Augusta Boaz gave the plaintiff her judgment notes for such sum, and secured the same by a chattel mortgage on said stock of goods. The plaintiff, deeming himself insecure, took possession of said stock on the mortgage, and was selling the same at retail to obtain his money. This was the condition of things when the defendant as sheriff levied certain executions which he held, issued on judgments against said Augusta, upon said stock of goods, *subject* to the said mortgage of the plaintiff, and made his return on said executions accordingly, and took full possession of said stock upon such levy, and sold the whole thereof to satisfy in part the said executions. The plaintiff thereupon brought this suit against said defendant for the conversion of said goods. The defendant alleges in de-

Mendelson vs. Paschen.

fense that the plaintiff's said mortgage is void, as having been given with intent to hinder, delay, or defraud the creditors of said Augusta.

The executions and other records and the mortgage and notes were in evidence, and the testimony showed the above facts. The jury found specially, *first*, that said mortgage was not given in good faith to secure an actual indebtedness due from Mrs. Boaz to the plaintiff; *second*, that the plaintiff did not loan to her the sum of $830 at the date of said mortgage, to take up the claim against her, as alleged, and that said mortgage was given with intent to hinder, delay, or defraud the creditors of the mortgagor; and then found the value of the goods, and generally for the defendant. There are several exceptions to the charge of the court to the jury, and to its refusal to instruct the jury as requested, but they mainly relate to the legal effect of ' the evidence, and we may as well decide the case upon its merits on the overruling of the motion to direct a verdict for the plaintiff, to set aside the verdict, and to grant a new trial.

We cannot but think that the verdict in this case is perverse, arbitrary, and unwarranted by any evidence. We can scarcely find any evidence whatever of the plaintiff's intent to defraud the creditors of Augusta Boaz, and the fact of the *bona fide* and actual existence of the debt which the mortgage was given to secure was established by the most conclusive evidence. It requires clear and satisfactory evidence to establish fraud in such a case, and yet there was nothing above a bare and ungrounded suspicion of it in this case. The sheriff levied upon the stock of goods *subject* to this mortgage, and so made his return on the executions. In other words, he levied only upon the interest which the mortgagor, Augusta Boaz, had in the property after satisfying said mortgage, and so made his return. He is therefore estopped from questioning the mortgage. He has no

interest in questioning it; for he only levied upon the interest of the mortgagor over and above the mortgage, and can claim no other or greater interest in it. He had no right, by his limited levy subject to the mortgage, to take possession of the property, and much less to take it from the possession of the plaintiff, the mortgagee. He could only sell the interest of the mortgagor in it over and above the mortgage claims upon it, or the overplus after the satisfaction of the mortgage. He is concluded by his return, and he is not permitted to question it. These principles have been so long recognized by the courts as to be elementary. *Cotton v. Marsh*, 3 Wis. 221; *Cotton v. Watkins*, 6 Wis. 629; *Eastman v. Bennett*, 6 Wis. 232; *Frisbee v. Langworthy*, 11 Wis. 375; *Saxton v. Williams*, 15 Wis. 292; Freem. Exec. § 363; Crock. Sher. § 45; Binm. Sher. § 280; Smith, Sher. 216, and notes of cases; *Ohlson v. Pierce*, 55 Wis. 205; *Irvin v. Smith*, 66 Wis. 113. It is very questionable whether such a return is amendable; but if so, it must be done upon proof that it was made by mistake and that it is untrue, with due notice to the parties interested in it, and by the court in which it is a part of the record. There was no proof of any proper amendment of the return indorsed on the exceptions, and it stands as a verity in the case. *Arnold v. Nye*, 23 Mich. 296; *Haynes v. Knowles*, 36 Mich. 409; *Townsend v. Olin*, 5 Wend. 207; *Browning v. Hanford*, 5 Denio, 586; *Langdon v. Summers' Adm'r*, 10 Ohio St. 77. The verdict was most clearly unsupported by the evidence.

*By the Court.*— The judgment is reversed, and the cause remanded to the superior court of Milwaukee county for a new trial.