# CASES DETERMINED

AT THE

## January Term, 1891.

---

ERDALL, Receiver, Respondent, vs. ATWOOD, imp., Appellant.

*January 20 — February 3, 1891.*

*Action by receiver: Fraudulent conveyances: Bill of exceptions: Pleading: Waiver.*

1. A receiver, appointed in supplemental proceedings after judgment, who seeks by action to set aside a conveyance by the judgment debtor as having been made with fraudulent intent, must allege and prove such intent as to that conveyance, otherwise its validity cannot be adjudicated in that action.

2. The objection that such conveyance is not mentioned or embraced in the complaint, is not waived by the defendants not objecting to the admission of evidence thereof, if such evidence was admissible upon the issues actually made.

3. A conveyance of land, made in good faith by an insolvent debtor to one of his creditors in full or partial payment of his valid debt to such grantee, is valid as against his other creditors.

4. The mere fact that such creditor knew of his debtor's insolvency, though it may be evidence of fraudulent intent, cannot be deemed sufficient evidence thereof.

5. A statement in a bill of exceptions, at the end of the testimony, that "the foregoing was all the evidence offered and received on the trial of said cause," is equivalent to a certificate by the trial judge that the bill contains all the evidence.

APPEAL from the Circuit Court for *Dane* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that April 1, 1887, the American Button-Hole & Over-seaming & Sewing-Machine Com-

1

pany recovered judgment against Freeman Atwood for
$467.13, damages and costs, in the circuit court for Dane
county, and the same was docketed on the same day; that
proceedings supplemental to execution issued thereon were
taken before a court commissioner, and upon such proceed-
ings the said *John L. Erdall* was appointed a receiver with
the usual powers, May 10, 1887; that said *Erdall* thereupon
qualified as such receiver; that, September 18, 1887, he was
duly authorized to bring this action against the several de-
fendants herein, as such receiver; that this action was com-
menced September 19, 1887, for the purpose of setting aside
a deed from said Freeman to the defendant *Thomas J. At-
wood*, executed February 19, 1887, of 290 acres of land de-
scribed, and also a chattel mortgage from said Freeman to
Harriet Dates, executed February 21, 1887, and also a chat-
tel mortgage from said Freeman to Eliza Babcock, executed
February 26, 1887, as fraudulent and void as against the
creditors of the said Freeman; that the several defendants
answered, alleging facts to the effect that said deed and
mortgages were, respectively, given for an adequate con-
sideration and in good faith; that at the close of the trial
the court found, in addition to the facts stated, in effect,
that the said Freeman was the owner of forty acres of land
occupied by him as a homestead, in addition to the lands
included in said deed; that the lands included in said deed
were of the value of $8,000, February 19, 1887; that said
deed was executed by said Freeman and wife on that day;
that the consideration therefor was the payment of debts
justly due and owing from said Freeman to *Thomas J.,*
amounting to $2,400.03, and the assumption by *Thomas J.*
of the mortgages upon said lands, amounting to $5,525,
held and owned by the defendant Hitchcock in good faith,
and to secure a *bona fide* and actual indebtedness of that
amount, and the payment of $500 in money; that on or
about February 19, 1887, the said Freeman had certain

notes, accounts, and personal property of the nominal value of $2,609.56, which were obtained by him on the foreclosure of a chattel mortgage executed by the firm of Lyntz & Atwood, August 18, 1886, given to secure him against certain liabilities which he had undertaken and agreed to pay for the benefit of said firm, and which liabilities included the claims which went into said judgment, and all of which he transferred and assigned to said *Thomas J.*, in consideration of $1,200 paid by him; that said Freeman had also received from said accounts and personal property, upon and before February 19, 1887, the further sum of $386 in cash; that on February 21, 1887, the said Freeman was justly indebted to Harriet Dates in the sum of $838.04, to secure which, he on that day, in good faith, and to secure a *bona fide* indebtedness for that amount, executed to her the chattel mortgage on personal property described; that on February 26, 1887, the said Freeman was justly indebted to Eliza Babcock in the sum of $794.02, to secure which, he in good faith executed to her the chattel mortgage on the property therein described; that besides the debts mentioned the said Freeman was, at said several dates, owing large sums of money to divers parties; that the defendant *Thomas J.* well knew, on the several days mentioned, of the several debts owing and obligations incurred by the said Freeman, already mentioned; that said deed was made and executed by Freeman and wife for the purpose of hindering and delaying his creditors in collecting their indebtedness against him, and was received by said *Thomas J.* for the purpose of aiding and assisting him in so doing; that said transfer and assignment of said notes, accounts, and personal property were made by said Freeman for the purpose of so hindering and delaying his creditors, and were received by said *Thomas J.* for the purpose of aiding and abetting him in so doing. And as conclusions of law the court, in effect, found that said transfer and assignment of

said notes, accounts, and personal property were fraudulent and void as to the creditors of Freeman, and should therefore be set aside as to them; that said *Thomas J.* should deliver to the plaintiff the personal property remaining in his hands unsold, and the notes and accounts uncollected, and account to and pay over to the plaintiff the sum of $866.22, being the proceeds of such property sold and such notes and accounts collected by him; that said *Thomas J.* should account to the plaintiff and pay over to him the sum of $420.68, being the net rents and profits of said real estate received by him; that, if sufficient assets were not derived from those sources for the payment of the claims which the plaintiff as receiver should be directed to pay in the judgment, then that said deed should be set aside as fraudulent and void as against said creditors, and said real estate be subject to the lien of the balance of the judgments entered against said Freeman Atwood for said payments, the same as if said deed had not been made; that the action be dismissed as to the defendants Harriet Dates, Eliza Babcock, and Paul Hitchcock, respectively, and that they were respectively entitled to costs against the plaintiff, and that the plaintiff should recover costs against the defendants Thomas J. and Freeman Atwood. Thereupon judgment was rendered in accordance with said findings, from which judgment the said *Thomas J. Atwood* brings this appeal.

For the appellant there was a brief by *Lamb & Jones*, and oral argument by *B. W. Jones* and *I. C. Sloan*.

For the respondent there was a brief by *Rogers & Hall* and *B. F. Dunwiddie*, and oral argument by *B. F. Dunwiddie* and *F. W. Hall*. Among other things, they contended that there was a clear preponderance of evidence to sustain the finding that the conveyances were fraudulent, and it should not be set aside. *Ferguson v. Hillman*, 55 Wis. 188. No objection having been made at the trial

Erdall vs. Atwood.

to the admission of testimony as to the transfer of personal property, and its character having been litigated there, all objection that it was not embraced in the complaint was waived. The complaint might be amended or the defect be disregarded. *McKinney v. Jones,* 55 Wis. 45; *University of Notre Dame v. Shanks,* 40 id. 352; *Sprague v. Brown,* 40 id. 612; *Russell v. Loomis,* 43 id. 545; *Flanders v. Cottrell,* 36 id. 564; *Giffert v. West,* 37 id. 115.

CASSODAY, J. The foregoing statement sufficiently indicates the nature of the case and the result of the trial. The principal questions presented are questions of fact. The record is voluminous. The complaint alleges, in effect, that the mortgages on the farm held by the defendant Hitchcock had in fact been paid, and ceased to be a lien thereon; and that the chattel mortgages held by Dates and Babcock, respectively, were given without consideration, and to hinder and delay the creditors of Freeman Atwood, and hence were null and void. The court found, however, that they were each and all valid, subsisting mortgages, and accordingly dismissed the complaint with costs as to each of those defendants. This removes entirely from the case all question as to each of those mortgages, and the property taken from Freeman Atwood thereon. Exception is taken because the court found, in effect, that the notes, accounts, and personal property of the nominal value of $2,609.56, obtained by Freeman Atwood on the foreclosure of the chattel mortgage given to him by Lyntz & Atwood, had been by him transferred and assigned to *Thomas J. Atwood,* in consideration of $1,200; and that such transfer and assignment were so made for the purpose of hindering and delaying the creditors of Freeman Atwood, and were received by *Thomas J. Atwood* to aid and abet him in such purpose, and were therefore fraudulent and void as to such creditors. The particular ground of this exception is that none

of the facts thus found were alleged in the complaint, or in any manner put in issue. Certainly the complaint contains no reference whatever to any such chattel mortgage, transfer, or assignment. The learned counsel for the plaintiff contends, in effect, that because the complaint alleges the recovery of judgment, supplementary proceedings thereon, the appointment and qualification of the plaintiff as receiver, and his authority to sue, it sufficiently raises the question of the invalidity of such chattel mortgage, transfer, and assignment. If such were the rule, it would obviate the necessity of any allegation of an intent to hinder, delay, or defraud creditors, as to any specific conveyance, assignment, or transfer. Obviously such is not the rule. Whoever seeks to set aside a conveyance, assignment, or transfer, upon such ground, should allege and prove such intent. Counsel further contends that the appellant has waived such objection by allowing the evidence thereon to be taken without any objection. But it is undisputed that such transfer and assignment were made about the time of the conveyance of the land and the execution of the Dates and Babcock mortgages; and hence the evidence was pertinent upon the issues actually made by the pleadings. Since such evidence was admissible upon issues thus made by the pleadings, it cannot be reasonably claimed that the failure to object to the same gives it the effect of proving an independent cause of action not alleged in the complaint, nor in issue in the case. *Hiles v. Hanover F. Ins. Co.* 65 Wis. 585; *Cayon v. Dwelling House Ins. Co.* 68 Wis. 517. We must hold that the findings to the effect that such assignment and transfer of notes, accounts, and personal property were made with intent to hinder and delay creditors, were foreign to the issues tried and the allegations of the complaint, and hence do not support that part of the judgment based thereon.

We are unable to perceive any valid reason for the

learned trial judge holding, in effect, that the deed from
Freeman to *Thomas J. Atwood* was executed and delivered
with the intent to hinder and delay the creditors of Free-
man. The trial judge found that the value of the land
thereby conveyed was, at the time of making the deed,
$8,000, which was $2,000 in excess of such value as alleged
in the complaint. He also found, in effect, that such deed
was given in satisfaction of $2,400 indebtedness justly due
and owing from Freeman to *Thomas J. Atwood*, and $500
in money paid at the time to Freeman by *Thomas J. At-
wood*, and that the latter took such conveyance subject to
the mortgages thereon held and owned by the defendant
Hitchcock in good faith, and to secure a *bona fide* and
actual indebtedness which at the time amounted to $5,525;
so that the court, in effect, found that the amount actually
paid and assumed by *Thomas J. Atwood* for the land was
$425 in excess of its actual value. It is true that these
several amounts were controverted by the plaintiff, but the
findings of the court in these regards are conclusive against
him, and those whom he represents. An actual purchase
from an insolvent debtor for a valuable consideration may
be found to have been made with an intent to hinder, delay,
and defraud creditors, but in such cases there is generally
an inadequacy of price, or an intent to put the considera-
tion paid beyond the reach of the vendor's creditors; but
nothing of the kind here appears. This court has repeat-
edly held, in effect, that an insolvent debtor is at perfect
liberty to pay in good faith some of his creditors in full or
in part, and others not at all, and that this can be done
without any intent to hinder, delay, or defraud creditors,
within the meaning of the statutes. Secs. 2320, 2323, R. S.;
*Hoey v. Pierron*, 67 Wis. 262; *Landauer v. Vietor*, 69 Wis.
434; *Ingram v. Osborn*, 70 Wis. 184; *Greene & Button Co.
v. Remington*, 72 Wis. 654. True the payment in good
faith by an insolvent debtor of one or more of his creditors

Erdall vs. Atwood.

in full may result in defeating others, but such result is the mere incident to the preferring of one creditor to another; and hence does not come under the condemnation of the statutes. The object to be attained in such a case is to pay in good faith an honest debt, even though it leaves the debtor in no condition to pay any other debts. It is only when the object sought to be attained is itself vicious that the statutes condemn the transaction. These views are in harmony with the repeated decisions of this court. *Gage v. Chesebro*, 49 Wis. 486; *Mehlhop v. Pettibone*, 54 Wis. 652; *Norwegian Plow Co. v. Hanthorn*, 71 Wis. 529, 536; *Mendelson v. Paschen*, 71 Wis. 591. The mere fact that *Thomas J. Atwood* knew that his brother was indebted to the other parties named, or even was insolvent, did not deprive him of the right to collect the debts honestly due him from his brother, nor to apply the same in part payment of the purchase price of the farm. *Ibid.* While such knowledge was competent evidence on the subject of such intent, it cannot of itself be regarded as sufficient evidence to establish such intent. *Ibid.* And yet such knowledge is the only evidence in the record entitled to any weight upon which the finding of such intent is based.

Counsel for the respondent suggests that the certificate of the trial judge does not state that the bill of exceptions contains all the evidence; but the bill of exceptions states, at the close of the testimony, that " the foregoing was all the evidence offered and received on the trial of said cause, and the issues therein." Such statement we have frequently held to be equivalent to such certificate.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to dismiss the complaint.