Grosshans v. Gold.

HENRY GROSSHANS ET AL. V. WILLIAM GOLD ET AL.

FILED NOVEMBER 18, 1896.  NO. 6754.

1. **Fraudulent Conveyances: NOTICE OF INTENT: CHATTEL MORTGAGES.** A mortgage given to secure a pre-existing debt will not be declared void from the fact alone that the mortgagee, at the time of its execution, had notice of an intention on the part of the mortgagor to defraud creditors of the latter. In order to avoid the security in such case the mortgagee must have participated in the fraudulent purpose of the mortgagor. (*Jones v. Loree*, 37 Neb., 816.)

ERROR from the district court of Clay county. Tried below before HASTINGS, J.

*L. P. Crouch* and *E. E. Hairgrove*, for plaintiffs in error.

*T. H. Matters* and *C. J. Dilworth, contra.*

POST, C. J.

This controversy involves the title and right of possession to a certain crib of corn claimed by the plaintiffs in error, who were also plaintiffs below, through one August Grosshans, by means of an instrument which is in form a bill of sale, but in legal effect a chattel mortgage, the purpose of which was to indemnify plaintiffs in error on account of liabilities assumed by them as sureties for the mortgagor. The foundation of the defendants' claim is a levy upon the corn in controversy by one Stewart as con-

stable, within and for Clay county, to satisfy a certain judgment recovered by them against the said August Grosshans before a justice of the peace for said county. The burden was upon the plaintiffs to prove the good faith of the contract through which they claim, for two reasons, viz.: (1.) The parties to said transaction are brothers, and the effect thereof is to defeat other creditors of the said August, who was then insolvent. (2.) There was no change of possession of the property thereby conveyed. It is shown by the undisputed evidence that the plaintiffs were at the date in question liable as sureties for the said August Grosshans in a large amount, of which the said Henry Grosshans has subsequently paid the sum of $10,000, and of which the said Fred Grosshans has paid $5,765. Had the result depended upon the sufficiency of the consideration for the transfer, the plaintiffs would have been entitled to recover and the district court would, no doubt, have directed a verdict in their favor. But there is evidence of other transfers by the said August, bearing the same date as the instrument here involved, covering substantially all the property, including real estate, owned by him. Among the transfers so made is a warranty deed conveying to one Billigmeir a number of lots in the city of Sutton which was by the grantor executed and filed for record without the knowledge or consent of the grantee therein named. Another fact, to which prominence is given by counsel for defendants, is that the corn in controversy was cribbed upon the premises of the said August Grosshans, whose subsequent conduct, including the feeding of his stock therefrom, was plainly indicative of ownership by him. True, the plaintiffs deny knowledge of any acts of assumed ownership by the said August, but the question thus presented was one of fact for the jury, and we cannot, upon the record before us, say that the verdict rendered is so decidedly against the evidence as to call for reversal upon that ground.

Exception is taken to the refusal of the fourth instruc-

tion asked by the plaintiffs, which embodies the proposition that fraud on the part of the said August Grosshans alone will not render the transaction fraudulent as to creditors, but that it must appear further that plaintiffs, having knowledge of the intent of the mortgagor, took the instrument introduced in evidence for the purpose of aiding or abetting in such fraudulent purpose. The question thus presented was, in view of the earlier decisions of this court, not entirely free from doubt. It was, however, in *Jones v. Loree*, 37 Neb., 816, held, after a careful review of the cases by IRVINE, C., that a mortgage, to secure a pre-existing debt, will not be declared void merely because the mortgagee at the time of its execution had notice of an intention on the part of the mortgagor to defraud the creditors of the latter, but in order to have the effect mentioned it must appear that the mortgagee participated in such fraudulent purpose. The case at bar is, upon the facts stated, clearly within the doctrine of *Jones v. Loree* and must be governed thereby. It follows that on account of the refusal of the instruction asked, the judgment of the district court must be reversed and the cause remanded for trial *de novo*.

REVERSED.