SUNDAY CREEK COAL COMPANY V. S. H. BURNHAM ET AL.

FILED OCTOBER 6. 1897. No. 7406.

1. **Insolvency:** FRAUDULENT CONVEYANCES: KNOWLEDGE BY CREDITOR OF DEBTOR'S FRAUDULENT INTENT. A failing debtor may pay a pre-existing indebtedness by sale and conveyance of property to the creditor of a value not materially or appreciably greater than the amount of the debt, if the transaction is *bona fide* on the part of the creditor; and the validity of the sale will not be affected by the existence of a fraudulent intent of the vendor of which the purchaser has knowledge in regard to the claims of the other creditors, provided he does not participate in such intent.

2. **Instructions:** REVIEW WITHOUT BILL OF EXCEPTIONS. If errors are assigned of a trial court's refusal to give requested instructions, and to determine the force of such assignments would necessitate an examination of the evidence introduced at the trial, the bill of exceptions containing the evidence having been quashed, the evidence is not before this court, the errors, if any, do not affirmatively appear, and the assignments may be overruled.

3. **Fraudulent Conveyances:** KNOWLEDGE OF FRAUDULENT INTENT. The opinion in the case of *Bollman v. Lucas*, 22 Neb., 796, insomuch as it applied the following rule: "To avoid a sale upon the ground that it is fraudulent as to creditors, the purchaser must have knowledge of the fraudulent purpose of the seller or have notice

of such facts tending to show a fraudulent purpose as would put a man of ordinary prudence on inquiry," to a transaction of sale by a failing debtor to one of its creditors in payment of the pre-existing debt,—disapproved.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.    *Affirmed.*

The opinion contains a statement of the case.

*Cornish & Lamb* and *A. S. Tibbets,* for plaintiff in error:

A purchaser of goods from a debtor, knowing or chargeable with notice of the debtor's fraudulent intent, is not a purchaser in good faith, and such a sale is void as to creditors. (*Bollman v. Lucas,* 22 Neb., 813; *Temple v. Smith,* 13 Neb., 513; *Jones v. Loree,* 37 Neb., 816; *Beidler v. Crane,* 22 Ill. App., 538.)

A purchaser's knowledge of the seller's intent to defraud creditors need not be positive information or notice of such fact, but may be inferred from knowledge of facts sufficient to raise such suspicions as to put him, as a reasonably prudent man, on inquiry in relation thereto. (*Rindskopf v. Myers,* 57 N. W. Rep. [Wis.], 967; *Grimes v. Shaffer,* 41 Neb., 112; *Burggren v. Reid,* 39 Neb., 645; *Stephens v. Rogenstein,* 89 Ala., 561.)

*Sawyer, Snell & Frost, contra:*

The knowledge, or notice that would lead to knowledge, of a creditor who accepts property from his debtor in satisfaction of a pre-existing debt, that the debtor makes the transfer with the intent to defraud other creditors, does not invalidate the transfer where the creditor does not participate in the fraudulent purpose of his debtor. (*Bleiler v. Moore,* 69 N. W. Rep. [Wis.], 164; *Smith v. Whitfield,* 2 S. W. Rep. [Tex.], 822; *Shelley v. Boothe,* 73 Mo., 74; *Rice v. Wood,* 33 S. W. Rep. [Ark.], 637; *Gray v. St. John,* 35 Ill., 222; *Kohn v. Clement,* 12 N. W. Rep. [Ia.], 551; *Chase v. Walters,* 28 Ia., 469.)

The case of *Bollman v. Lucas,* 22 Neb., 796, cited by

plaintiff in error, does not control. (*Jones v. Loree*, 37 Neb., 816; *Grosshans v. Gold*, 49 Neb., 599; *Pollock v. Meyer*, 96 Ala., 176; *Bamberger v. Schoolfield*, 160 U. S., 149; *Smith v. Craft*, 123 U. S., 436.)

HARRISON, J.

It appears herein, from the allegations of the petition filed, that the plaintiff recovered a judgment in the district court of Lancaster county against Gorham F. Betts and William H. Weaver, partners in business under the name and style of Betts & Weaver, for a sum stated in the petition; that such proceedings were had to collect said judgment, that the defendants appeared in court and made answers as garnishees in regard to property, etc., of the firm of Betts & Weaver in their possession or under their control, which answers were to the plaintiff unsatisfactory, and this suit was instituted for it, the further allegations of the petition being as follows: "That at the time said garnishment summons was served upon said defendants and each of them, and at the time said answers were made, said defendants were possessors of and had under their control personal property, money, rights in action, real estate, leases, good-will of the firm of Betts & Weaver and creditors of the said Betts & Weaver, and coal, wood, notes and accounts of the said Betts & Weaver of the value in excess of the amount of plaintiff's said judgment, and that the said defendants were then and are now owing and indebted to the said Betts & Weaver in the sum of money in excess of said judgment, to-wit, in the sum of $2,500, and said defendants were in possession of said property and credits, choses in action at the time said summons in garnishment was served upon said defendants and each of them, and acquired said possession and held the same in fraud of the rights of the creditors of Betts & Weaver and of this plaintiff herein, done on the part of Betts & Weaver and on the part of the defendants for the purpose of hindering, delaying, and defrauding the creditors of Betts &

Weaver." The answer of defendants contained an admission of their appearance in court in obedience to a summons in garnishment proceedings, and that they answered that they had neither property nor credits of the firm of Betts & Weaver in their possession or under their control. The further answer was a general denial of the other allegations of the petition. A trial of the issues resulted in a verdict and judgment favorable to defendants. The plaintiff asks a review in this court of the proceedings during the trial.

The bill of exceptions containing a transcript of the evidence adduced during the trial was, on motion in this court, having such purpose in view, quashed; hence the evidence is not before us for consideration in connection with any of the alleged errors. The transaction between the defendants and the firm of Betts & Weaver, to the extent we can gather its nature from the pleadings in the action, was a sale, by a debtor to a creditor, of property, the consideration moving to the debtor being the extinguishment of his pre-existing indebtedness to the purchaser, and which sale was attacked by the plaintiff as fraudulent and void as to the rights of plaintiff and other creditors of the firm.

The trial court in its charge to the jury stated that if the sale was made with the intent on the part of the firm of Betts & Weaver to defraud creditors, that such intent existed would not render the sale void unless the intent was shared by or participated in by the creditor to whom the sale was made. To each paragraph of the charge in which the foregoing proposition was embodied, the plaintiff duly excepted and made a separate assignment of error. For the plaintiff there were prepared and presented several instructions in which was set forth that if it appeared that the debtor in making the sale had a fraudulent intent in reference to the rights of creditors other than the one to whom the sale was made, and the latter had notice or knew of such intent, or had notice of facts which tended to show a fraudulent purpose suffi-

cient to put a person of ordinary prudence on inquiry, then the sale was invalid as to the rights of other creditors. These the court refused to read in the charge to the jury, and its action in regard to these requests is presented here by proper assignments of error.

It is well established in this state that a debtor in failing circumstances may prefer any one or several of his creditors to the exclusion of others, if the transaction from which such preference results be *bona fide*. (*Costello v. Chamberlain*, 36 Neb., 45.) It has also been decided that "A mortgage taken by a creditor to secure a pre-existing debt will not be held void merely because the creditor, when he took the mortgage, had notice of an intent upon the part of the mortgagor to hinder, delay, or defraud his creditors. In order to avoid such mortgage the creditor must have participated in such intent." (*Jones v. Loree*, 37 Neb., 816; see, also, *Grosshans v. Gold*, 49 Neb., 599.) The question arises: Is the foregoing rule applicable to a transaction of sale between an insolvent or failing debtor and one of his creditors, whereby, in extinguishment of the debt due from the former to the latter, property of the former is sold and transferred to the latter, resulting in his preference as a creditor? The general rule doubtless is that where property is sold with a fraudulent intent, and the purchaser has knowledge of the intent or of sufficient facts to put a person of ordinary prudence upon inquiry, the sale is a fraudulent one. But it might be said that there is an exception to this of which the case at bar furnishes an example,—where the sale is made in payment of a pre-existing debt due the purchaser. A direct purchaser is a stranger, or volunteer, with no pre-existing reason for his purchase, while the creditor has a motive other than the direct purchase of the property,—that of obtaining payment of that which is due him, which right the law accords him, and notwithstanding his grantor or vendor may have a fraudulent purpose in making the sale to the knowledge of the creditor purchaser, the latter is not a party to it and

charged with its consequences unless he participates in it.

The case of *Bleiler v. Moore*, 69 N. W. Rep. [Wis.], 164, was one in which a son in embarrassed circumstances was indebted to his father and in payment of the indebtedness conveyed his real estate and personal property to the father. Other creditors of the son procured executions to be levied on the personal property as belonging to the son. In an action of replevin by the father to recover possession of the property levied, the issue presented was whether the sale to him by the son was fraudulent and void as against the son's creditors. In the opinion appears the following: "The appellant complains that the trial court, in substance, instructed the jury 'that a sale made by a vendor with the intent to hinder, delay, and defraud his creditors is void, if the vendee has knowledge of facts and circumstances such as should put a prudent man upon inquiry, by which he might find out the fraudulent purpose.' This is alleged to be error. But this really states the rule applicable to a sale made by an insolvent debtor to a stranger with substantial accuracy. The stranger is bound at least to refrain from knowingly obstructing the rights of creditors. But the case is different where a creditor in good faith takes the property of his debtor in payment of his honest debt. He is no mere volunteer or stranger. He is restricted merely to honesty. He may not purposely obstruct other creditors of his debtor, even to come by his own. But it is no fraud upon the other creditors, although he may know or believe that the debtor is giving his debt a preference for the purpose of avoiding the payment of other debts, and that other creditors will thereby fail to realize their claims, provided, always, the purpose of the vendee is *bona fide* the realization of his debt, and he does not participate in the fraudulent purpose of his debtor; for, in order to avoid such a sale, both parties must participate in the fraudulent design. (*Gage v. Chesebro*, 49 Wis., 486, 5 N. W. Rep., 881; *Plow Co. v. Hanthorn*, 71 Wis., 529, 37

N. W. Rep., 825; *Erdall v. Atwood,* 79 Wis., 1, 47 N. W.
Rep., 1124; *Bannister v. Phelps,* 81 Wis., 256, 51 N. W.
Rep., 417; *Barr v. Church,* 82 Wis., 382, 52 N. W. Rep.,
591.) *David v. Birchard,* 53 Wis., 492, 10 N. W. Rep.,
557, which decides that 'Where a mortgage is given to
secure an honest debt, but with an intent to hinder,
delay, or in any way put off the creditors of the mort-
gagor, it is void if the mortgagee had knowledge of
such intent; and this knowledge need not be actual, but
may be inferred from the knowledge of the mortgagee of
facts and circumstances sufficient to raise such suspicions
as should put him on inquiry,'—is entirely out of har-
mony with the decisions of this court, both before and
since, and is not to be followed as an authority upon this
question. Mere knowledge of the corrupt sentiment in
the mind of his debtor, not shared by him, does not de-
prive the honest creditor of the right to accept the prof-
fered payment or security of his just claim."

The case of *Shelley v. Boothe,* 73 Mo., 74, 39 Am. Rep.
481, is in point. It was observed in the opinion: "The
third instruction is as follows: 'If Woy and Smith in
making the conveyance of the goods in suit intended to
delay J. W. Wood & Co., their creditors, and if the plain-
tiff either by himself or his agent present at the sale was
aware of such intent, then you will find for the defend-
ant.' There is a class of cases to which the doctrine
asserted in the instruction applies; as, if one knowing of
judgment and execution against another goes and pur-
chases his goods in order to defeat the execution, or if one
knowing that a debtor is selling his property to hinder,
delay, or avoid the payment of his debts, buys it and pays
the full value of it, thereby enabling the debtor to carry
out his fraudulent design, such sales will be adjudged
fraudulent because the purchaser becomes a participant
in the iniquitous purpose of the debtor. But cases of this
kind should not be confounded with those which only
amount to giving a preference of one creditor over
another. A debtor may give a preference to a particular

creditor or set of creditors by a direct payment or assign-
ment, if he does so in payment of his or their just demands
and not as a mere screen to secure the property to himself.
The pendency of another creditor's suit is immaterial and
the transaction is valid though done to defeat that cred-
itor's claim.    (*Kuykendall v. McDonald,* 15 Mo., 416; *Mur-
ray v. Cason,* 15 Mo., 415; *State v. Benoist,* 37 Mo., 500;
Bump, Fraudulent Conveyances, 350, 351; *Potter v. Mc-
Dowell,* 31 Mo., 74.)    The right of a debtor to prefer one
creditor over another necessarily implies the right of such
creditor to accept such preference.    While the effect of
such preference must, to the extent that it is made, neces-
sarily be to defer or to hinder or delay other creditors, the
mere knowledge of the preferred creditor that such will
be its effect, and the debtor intended it should have that
effect, will not be sufficient to avoid the transaction as to
a creditor not preferred.    But if in such case it further
appears from the circumstances attending the transaction
that the preferred creditor was not acting from an
honest purpose to secure the payment of his own debt, but
from a desire to aid the debtor in defeating other cred-
itors, or in covering up his property, or in giving him a
secret interest therein, or in locking it up in any way for
the debtor's own use and benefit, he will not be protected,
and the sale would be fraudulent as to other creditors,
because in such cases the fraud of the debtor becomes
the fraud of the preferred creditor because of his par-
ticipancy therein."    (See, also, *Smith v. Whitfield,* 2 S. W.
Rep. [Tex.], 822; *Rice v. Wood,* 33 S. W. Rep. [Ark.], 637;
*Kohn v. Clement,* 12 N. W. Rep. [Ia.], 551; Bump, Fraudu-
lent Conveyances [4th ed.], sec. 170, p. 196; 8 Am. & Eng.
Ency. of Law, p. 855; *Pollock v. Meyer,* 11 So. Rep. [Ala.],
386; *Bamberger v. Schoolfield,* 160 U. S., 149; *Cook v. Thorn-
ton,* 20 So. Rep. [Ala.], 14; *Seiler v. Walz,* 29 S. W. Rep.
[Ky.], 338.

The general rule in regard to sales by a failing debtor
with a fraudulent intent to parties not creditors was an-
nounced and enforced by this court in the cases of *Tootle*

*v. Dunn*, decision reported in 6 Neb., 99; *Savage v. Hazard*, 11 Neb, 323; *Temple v. Smith*, 13 Neb., 513; and in *Bollman v. Lucas*, 22 Neb., 796, cited herein for plaintiff, the same rule was held applicable to a transaction of sale between a debtor and creditor wherein the property was conveyed in payment of the debt. Great respect and weight are due to the decision of the able and learned judge who wrote the opinion in the case to which we have last referred, but we feel forced to the conclusion that the best reasons and the precedents are opposed to the application of the rule under discussion therein made, and to such extent the opinion in that case must be disapproved. We will further state that the decision in *Bollman v. Lucas* was right on the ground that the value of the property conveyed was largely in excess of the amount of the debt which constituted the consideration for its transfer to the creditor. It is stated in the opinion: "It is quite impossible to arrive at the value of the goods and accounts from the evidence, but it may be assumed that the evidence tends to fix it at nearly twice the amount stated as the consideration of the bill of sale."

It follows from the foregoing views that the rule embodied in the charge of the trial court was the correct one and that the rule as stated in the instructions tendered and refused was not so; hence there was no error in giving the former and refusing to give the latter.

There were other assignments of error in relation to the trial court's refusal to read certain instructions prepared and requested for plaintiff, but to determine whether such action as to either of them was erroneous would necessarily involve an examination of the evidence. As it is not properly before us this cannot be done and the assignments must fail. The judgment of the district court is

AFFIRMED.