## McGUIRE v. PITTS' SONS.

1. **Garnishment:** ASSIGNMENT OF JUDGMENT: NOTICE. A obtained a judgment against K which on the same day he assigned to M. P having a judgment against A garnished K, who appeared and acknowledged his indebtedness on the judgment obtained by A. No notice of the assignment of the judgment had been given: *Held*, that K could not be compelled to pay M while the judgment in the garnishment proceeding remained in force.

2. ———: ———: ———. The rights of the plaintiff in the garnishment proceeding are not affected by the failure to give notice of the assignment, since in any event he could only attach the interest of A, which had already been assigned.

3. ———: ———: JURISDICTION. The judgment defendant in an action in the District Court cannot be attached as garnishee and subjected to a judgment in a garnishment proceeding in the Circuit Court.

*Appeal from Hardin District Court.*

FRIDAY, MARCH 24.

ON the 11th day of April, A. D. 1874, George Keenan recovered a judgment against John Kenefick, which on the same day was assigned to plaintiff, but such assignment was not filed with the clerk of the court in which it was rendered until after the garnishee proceeding hereafter mentioned was served on Kenefick. The defendants on the same day had a judgment in the District Court of Hardin county against George Keenan, on which execution was issued, under and by virtue of which the said Kenefick was attached as garnishee after the judgment against Kenefick had been assigned to the plaintiff. Kenefick had no notice of the assignment at any time previous to judgment being rendered against him. The notice to Kenefick of garnishment recited that the execution issued from the "District Court," and required him to appear before the "Circuit Court of Hardin county, Iowa, wherein said judgment was rendered, on which said execution issued." The sheriff was directed to take the answer of the garnishee, who in response to a proper

interrogatory answered: "I owe him (Geo. Keenan) two hundred and thirty-one dollars on a judgment obtained in Franklin District Court, April term, 1874." On this answer the Circuit Court rendered a judgment against Kenefick, the garnishee. It is not claimed that the plaintiff had any notice whatever of such garnishment proceedings, or the rendition of the judgment against the garnishee, until the commencement of this action, which is brought under Sec. 3016 of the Code, and no claim is made that this proceeding is not the proper one for plaintiff to obtain the relief sought, which is that his right to the judgment in favor of Kenefick be declared superior to that of the defendants, and that the judgment in the garnishment proceeding against Kenefick be set aside, which remains in full force but has never been paid. Kenefick is not a party to this action. The court below found for the plaintiff and rendered judgment accordingly and defendants appeal.

*Fred. Gilman*, for appellants.

The assignment of a judgment, without notice to the debtor until after judgment has been rendered against him as garnishee in another proceeding, releases the debtor's liability to the assignor and he must answer to the creditor for the amount of his debt. (*Waters v. Washington Ins. Co*, 1 Iowa, 404; *McCord v. Beatty*, 12 Id., 297; *Yocum & Robb v. White*, 36 Id., 289.) The failure to give notice postpones the assignee's claim to the equities of the debtor and the subsequently acquired *bona fide* rights of creditors and purchasers. (*Bishop v. Holcomb*, 5 Day, 534; *Ward v. Morrison*, 25 Vt., 593.) The assignment of books, debt or notes not negotiable, without notice to the debtor, does not transfer the property from the assignor and it is liable for his debts. (*Woodbridge v. Perkins*, 3 Day, 364.) Vigilance gives priority. (*Cook v. Dillon*, 9 Iowa, 407.)

*Scales & Cassidy*, for appellee.

The District Court having first acquired jurisdiction its jurisdiction would continue after the rendering of the judg-

McGuire v. Pitts' Sons.

ment and until the final disposition of the cause and performance of any order of court respecting it. (*Darrance v. Preston,* 18 Iowa, 396.) The rule that the judgment of a court of competent jurisdiction cannot be collaterally attacked would not preclude the court below, nor this court in this case, for if the court below had no jurisdiction its decree would be void. (*Smith v. Pomeroy,* 2 Dillon, 414; *Martin v. Smith,* Id., 316.) If the assignor had no right or interest in the property at the time of garnishment, defendants could take none and the adjudication in the Circuit Court gave them none. (*Daniels & Co. v. Clark,* 38 Iowa, 556; *Easley v. Gibbs,* 29 Id., 129; *Manny & Co. v. Adams,* 32 Id., 165; *Thomas v. Hillhouse,* 17 Id., 67.)

SEEVERS, CH. J.—I. As between Kenefick and plaintiff, there is no doubt that the judgment in the garnishment proceedings would protect the former against the latter. The judgment not being negotiable, and the plaintiff having failed to give Kenefick any notice of his ownership until after judgment against him, the plaintiff will not now be permitted to compel Kenefick to pay him, while the judgment in the garnishment proceeding remains in full force. *McCoid v. Beatty,* 12 Iowa, 219.

1. GARNISH-MENT: assignment of judgment: notice.

II. If, however, the court has the power (and that has not been questioned either in this or the court below) to protect the garnishee, then we think a different rule must prevail. When the garnishee process was served on Kenefick, the judgment was not the property of the supposed debtor Keenan, but had been assigned to and was the property of the plaintiff. The fact that the assignment had not been filed, or made matter of record in court, or that the garnishee had no notice of such assignment, makes no difference, because the plaintiff in the garnishment proceedings obtained no other or greater rights than Keenan in fact, not apparently, possessed. Drake on Attachments, Sec. 527; *Wakefield v. Martin,* 3 Mass., 558.

2. ——: ——: ——.

III. Section 3051 of the Code provides that the "proceedings by garnishment on execution shall be served as in case

of attachment." Sec. 2979 provides, "the notice must also require the garnishee to appear on the first day of the next term of the court, wherein the main cause is pending." In this case the judgment was in the District Court on which the execution issued. These were the bases, and essential to the legality of the proceedings in garnishment. The notice to the garnishee informed him that the execution issued from the District Court, and also that he was required to appear before the Circuit Court, wherein said judgment was rendered. It is perfectly clear, under the section of the Code above quoted, that if this were an attachment and garnishment issuing out of the District Court, the Circuit Court could not, for the reason that the notice to the garnishee required him to appear in the latter court, obtain any jurisdiction over him or the subject matter. The proceeding would be a strange one indeed, if the main cause can be pending in one court, and the garnishment in another, for, if so, the garnishee could be compelled to answer in a justice's court, in a case where the attachment was issued from the District or Circuit Court. It seems to us that the same rule must prevail where garnishment is effected on execution. It follows then that the judgment rendered in the Circuit Court, as against the plaintiff, at least, is absolutely void for the reason the court had no jurisdiction over either him or the subject matter. In cases where the principal defendant is not personally before the court, the garnishee must, for his own protection, inquire whether the court has jurisdiction over the defendant or himself. Drake on Attachment, Secs. 693, 695.

AFFIRMED.