VAN PATTEN & MARKS v. BURR ET AL.

1. **Mortgage**: ON CHATTELS: VALIDITY OF.   A chattel mortgage, executed prior to a general assignment by the mortgagor, although upon the same day, and accepted by the mortgagee without any knowledge of the contemplated assignment, is valid.

*Appeal from Scott Circuit Court.*

TUESDAY, DECEMBER 14.

THE petition in substance states that on November 30th, 1878, the defendant Joshua Burr, being indebted to the plaintiff in the sum of $1,198.05, and insolvent, executed and delivered in writing a general assignment for the benefit of his

creditors, contained in three separate instruments, being a chattel mortgage to John Ruch, a chattel mortgage to Mary R. Burr, and an assignment, subject to these two chattel mortgages, to Charles M. Waterman for the benefit of all his creditors; that said instruments were drawn up and prepared by the attorney of Joshua Burr, Mary R. Burr and John Ruch by the request of defendants Joshua Burr and John Ruch, communicated to said attorney at one and the same time; that the execution of said general assignment was in pursuance of a pre-existing verbal agreement between the defendants, with intent to give a preference in the payment of the claims of John Ruch and Mary R. Burr over the claims of all other creditors, and that by reason thereof said general assignment is void as to the plaintiffs. The petition asks that the said general assignment, including the chattel mortgages above mentioned, may be decreed to be void as against the plaintiffs. A demurrer to this petition was sustained. Upon appeal to this court the ruling of the court below upon the demurrer was reversed. 52 Iowa, 518.

The cause being remanded the defendants Mary R. Burr and John Ruch filed separate answers, denying the material allegations of the petition.

The court adjudged that the chattel mortgage to Mary R. Burr and the assignment to Waterman are void as to the plaintiffs, and that the mortgage to John Ruch is valid and binding as to the plaintiffs, and as to John Ruch the petition was dismissed. The plaintiffs appeal.

*Stewart & White,* for the appellants.

*Martin Murphy & Lynch,* for the appellees.

DAY, J.—I. The two chattel mortgages and the assignment all bear date November 30th, 1878. The chattel mort-

1. MORTGAGE: on chattels: validity of. gage to Mary R. Burr is made subject to that to John Ruch, and the assignment is subject to both chattel mortgages.

The mortgage to John Ruch was filed for record November 30th, 1878, at 2:54 o'clock P. M. The mortgage to Mary R. Burr was filed for record November 30th, 1878, at 3 o'clock P. M. The assignment to Waterman was filed for record December 2d, 1878, at 8:01 o'clock A. M.

The preponderance of the evidence, we think, shows that the mortgage to John Ruch, though dated on the 30th, was in fact executed and delivered on the 29th of November. But whether executed upon the 29th or the 30th of November we are satisfied that it was executed and delivered before the assignment, and without any knowledge upon the part of Ruch of the intention to execute the assignment. The mortgage, so far as the evidence shows, formed no part of the general assignment, but was altogether distinct and separate from it. It was valid at the time of its execution, and is not invalidated by the subsequent execution of the assignment. The court did not err in dismissing the petition as to John Ruch.

II. After the evidence had closed, and the plaintiffs had made their opening argument, they filed a reply. The defendant John Ruch filed a motion to strike the reply from the files. It was agreed that the court should determine the motion upon the final disposition of the cause. When the court rendered final decree this motion was sustained. The ruling, if erroneous, worked the plaintiffs no substantial prejudice. The evidence had all been submitted when the replication was filed. The cause is triable here *de novo*. In determining the case we have considered all the evidence introduced. Whether the reply be regarded upon the files or not could make no difference upon the final determination of the case.

AFFIRMED.