CITIZENS' BANK v. RHUTASEL ET AL.

1. **Fraudulent Conveyance:** WHAT IS NOT. A conveyance made by a debtor to his creditor to secure a *bona fide* indebtedness cannot be regarded as in fraud of other creditors, even though the creditor thus secured knows that there are other creditors, and that the debtor has no other property with which to satisfy their demands. (*Kohn v. Clement,* 58 Iowa, 589, and *Citizens' Bank v. Rhutasel,* 67 Id., 316, followed.) But in this case the creditors who obtained the preference did not even know, when they took the conveyances, that their debtor was embarrassed.

*Appeal from Franklin Circuit Court.*

WEDNESDAY, APRIL 21.

THIS action, and some three other causes consolidated with it, involve the validity of certain transfers of real estate made by the defendant N. J. Rhutasel to the other defendants. The plaintiff is a judgment creditor of N. J. Rhutasel, and claims that the conveyances of the real estate in question are void, because they were made to hinder, delay and defraud the creditors of said Rhutasel. Issue was taken upon the petition, and a trial was had, and a decree was entered for the defendants. Plaintiff appeals.

*Taylor & Evans,* for appellant.

*Harriman & Luke* and *J. H. Bradley,* for appellees.

ROTHROCK, J.—The plaintiff charges that defendants entered into a conspiracy to defraud the creditors of N. J. Rhutasel, by which it was agreed that N. J. Rhutasel should largely increase his indebtedness by borrowing money on the credit of his ownership of a large amount of land, and that he should thereafter execute conveyances of his land and mortgages of his personal property to the other defendants, in pretended satisfaction of certain claims held by them against

him, and that no change of control of the property should take place, and that the conveyances and mortgages should be withheld from record until such time as he could convert his remaining property into money for the purpose of placing it beyond the reach of his creditors. It is averred that the conspiracy was consummated as charged, and that the conveyances and transfers of the property are therefore fraudulent.

The plaintiff sought to prove the charges thus made. The court below was of the opinion that the proofs were insufficient to authorize a decree against the defendants, and in that opinion we concur. The evidence shows two facts quite conclusively which defeat the plaintiff's right to a decree. These are: (1) The defendants to whom the transfers were made held valid claims against N. J. Rhutasel, of long standing, in an amount fully equal to the value of the property conveyed to them; (2) they had no knowlege that N. J. Rhutasel was indebted to the plaintiff, nor that he contemplated a fraud upon any one. These defendants, being creditors of N. J. Rhutasal, had the right to secure their claims, even if they knew that he was indebted to others, and knew that he did not have property sufficient to satisfy all his creditors *Kohn v. Clement*, 58 Iowa, 589; *Citizens' Bank v. Rhutasel*, 67 Id., 316. But, as we have said, the evidence does not even show that the defendants knew, when they took their conveyances, that Rhutasel was indebted to the plaintiff, or that he was in any way embarrassed in his business affairs.

.Affirmed.