S. H. KERR, Appellee, v. W. H. KENNEDY, C. W. EDGING-
TON, Garnishee, Appellants.

Proceeding to Recover Attorney's Fees:   GARNISHMENT:   EQUITABLE
1   ASSIGNMENT.   Where an attorney claims a portion of the pro-
ceeds of a collection as due him for services by virtue of an
equitable assignment, he cannot reach the same in the hands
of a third party by garnishment.

Intent to Defraud: EVIDENCE OF. Evidence considered and found
2   that defendant obtained possession of the money realized from
the collection and deposited same with the garnishee with in-
tent to defraud plaintiff, but that garnishee received same
without such fraudulent intent.

*Appeal from Humbolt District Court.*—HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, JANUARY 28, 1903.

PLAINTIFF acted as attorney for Kennedy in collecting a claim of $2,000 against a railroad company, and thereafter recovered judgment against said Kennedy for the services thus performed. Under an execution issued upon this judgment, garnishment proceedings were instituted against Edgington. The answers of the garnishee developed the fact that the money ($2,000) received from the railroad company did not pass through the attorney's hands, but was paid directly to the defendant. It further appeared that, about the time the collection was made, the defendant's wife, who is sister of the garnishee, sent for the latter, and placed in his hands $1,800 of the money thus recovered by her husband, instructing him, as he says, "to keep it for her until they settled up their bills; to pay it wherever they owed it." He accounts for the money by saying that, before being garnished, defendant and wife had drawn from him various sums, aggregating $569.60, and that the remainder has been applied in payment of just claims held by him against the defendant. Upon these answers the district court rendered judgment against the garnishee for the full amount of plaintiff's claim. Upon appeal to this court the judgment thus entered was reversed on the ground that there was no sufficient admission of liability by the garnishee to justify such entry, and the cause was remanded, with leave to plaintiff to take issue upon the answers. *Kerr v. Edgington*, 106 Iowa, 68. Plaintiff thereupon filed a pleading

denying garnishee's right to retain the money placed in his hands, and alleging that such deposit and the claims set up by the garnishee were collusive and fraudulent, and were contrived for the purpose of hindering and delaying the plaintiff in the collection of his judgment, and that said garnishee is in fact holding said money in secret trust for the execution defendant. Plaintiff also sets up the fact of his servces in procuring the collection of the money from the railroad company, and alleges that said services were rendered under a contract by which he was to receive forty per cent. of the amount collected; that, by virtue of such services and contract, he obtained an equitable assignment of a part of said moneys deposited in the hands of the garnishee; and that the garnishee received said moneys with knowledge of plaintiff's rights in the premises. Upon these allegations, it is asked that Edgington be held to account as a trustee, and from the money in his hands to pay the plaintiff's judgment. A demurrer to this pleading was overruled, and the garnishee replied, alleging that the judgment against Kennedy was procured by fraud, and for a much larger sum than was actually due plaintiff under his contract, and that said contract was champertous and void. Kennedy replied separately to the same effect, and says that he dismissed plaintiff as his attorney before the alleged services were performed by him. After hearing the evidence, the district court found for the plaintiff, and entered a decree requiring the garnishee to pay plaintiff the full amount of the judgment, $925, with interest and costs. The defendant and garnishee both appeal.—*Modified.*

*P. Finch, L. E. England* and *Prouty, Coyle & Prouty* for appellants.

*Healy Bros. & Kelleher* and *A. N. Botsford* for appellee.

WEAVER, J.—It will be observed that plaintiff's claim against the garnishee is based upon two propositions: (1) That the agreement of defendant to pay forty per cent. of the amount recovered from the railroad company operated as an equitable assignment of that proportion of the fund afterward deposited with the garnishee, and that the latter received the deposit with notice thereof; and (2) that, if no equitable assignment be found, there is nevertheless such a showing of fraud in the transaction between defendant and the garnishee as will enable the plaintiff to subject the money in his hands to the payment of the judgment. These propositions will be considered in the order stated.

I. Counsel have favored the court with an exhaustive and learned discussion of the doctrine of equitable assignments generally, and the extent to which they have been recognized in this state. Our view of the record in the case before us renders a minute examination of these questions unnecessary.

1. GARNISH-MENT: equitable assignment.

This is a garnishment proceeding,—a proceeding the purpose of which is to discover in the hands of the garnishee property or money belonging to the defendant. If plaintiff by his contract obtained an equitable assignment of a portion of the moneys to be paid by the railroad company, then when the money was thereafter paid, the equitable title of plaintiff was converted or enlarged into a legal title, and the money, to the extent of forty per cent. of the amount paid, became his property, as against defendant. See *Fairbanks v. Sargent* 117 N. Y. 320 (22 N. E. Rep. 1039, 6 L. R. A. 475). And if Edgington received such moneys, knowing the facts, the forty per cent. remained the property of plaintiff in his hands, and not the property of defendant. In such case it seems clear that garnishment proceedings would afford plaintiff no relief as a remedy or the recovery of his own property. We are therefore

constrained to hold the claim of plaintiff, so far as it rests upon an alleged equitable assignment, is without merit, and, having elected to reach the fund by garnishment proceedings, the moneys, when placed in the hands of the garnishee, must be treated as the property of the defendant. It is not claimed that plaintiff had taken the necessary steps to be entitled to an attorney's lien under the statute of this state providing therefor, and it is well settled that, failing to take advantage of the statutory method, an attorney has no commonlaw lien on moneys due his client. *Keehn v. Keehn,* 115 Iowa 467. It follows that plaintiff must recover, if at all, on the claim that the garnishee is liable to be charged as the trustee of the defendant.

II. We inquire, therefore, if the record presents a case to justify the conclusion that the deposit of the money in the hands of the garnishee was made in fraud of creditors. We think no candid and impartial person can read the record without being firmly convinced that, in placing the money in the hands of Edgington, the defendant and his wife were actuated by the intent and purpose to defeat plaintiff in the collection of his claim. Defendant, aided by his wife, settled with the railroad company, and received the money without giving notice to plaintiff, his attorney, residing in the same county. In making the settlement, it was insisted by him that the actual cash should be paid over, instead of payment by voucher, check, or draft. The money, being received, was not deposited in any bank, but was concealed for several weeks in his house. He then sought to settle with plaintiff for $200, although, according to his own version of the contract, he owed him $500. Failing to force this compromise, and having been or being about to be sued upon the claim, the brother-in-law was called in, and $1,800 of the money placed in his custody. Defendant says that after making the contract with plaintiff he

2. INTENT: to defraud evidence of.

became dissatisfied, and from that time forward he "kicked," and that the transfer of the fund to Edgington was "a part of the kick," and that he "did not intend Kerr should get the best of him in the deal." The wife also swears that they were ready and willing to pay plaintiff out of the money in Edgington's hands, providing he would settle for the amount offered. Defendant had no other property liable to execution, and significantly testifies concerning the attempted settlement with plaintiff, "I felt I had the money, and Kerr would have to come to me." He insists that he had no intent to defraud his creditors, but we think his sincerity in this declaration can be vindicated only upon the theory that in defeating the collection of a judgment for lawyer's fees, the end justifies the means employed to effect it. Upon this branch of the case, the only question upon which there seems room for argument is whether the garnishee participated in the fraudulent purposes of the defendant. He shows quite clearly that at the date of this transaction defendant was indebted to him in some amount, but the exact sum is not easy of ascertainment. Several items of such indebtedness were barred by the statute of limitations, and another item which he seeks to establish was the debt of the wife, incurred in building a house upon property owned by her in her own right. In his original answers to the garnishment he professed to give all which was said by his sister when she placed the money in his hands, but did not disclose that she said anything about paying the indebtedness to him. On the contrary, he then sought to justify such payment by the statement, in substance, that to deduct his own claim from the amount to be accounted for would be in accordance with his ordinary methods of business. Upon the trial, however, he swears that in giving him the money his sister told him first to pay himself what they owed him, and to hold the balance to be paid out as she should call for it.

It is an elementary principle that the presumption of good faith attaches to all ordinary business transactions, and that the burden of establishing fraud is upon the party alleging it. There is nothing inherently improbable in the claim that in receiving this money it should have been stipulated that the garnishee be paid the debts justly his due. If so, then in accepting this money he cannot be charged with fraud, even though he knew or had reason to believe that defendant intended thereby to defeat plaintiff's judgment, providing only he did not himself participate in such purpose. *Kohn v. Clement,* 58 Iowa, 589. We are therefore disposed to hold that, so far as the personal indebtedness of the defendant to the garnishee is concerned, the delivery of the money operated as a payment, but that such effect cannot be given to the item of $540 owed by the wife, as hereinbefore indicated. In other words, while defendant may lawfully hinder one creditor by a goodfaith payment to another, he cannot be permitted to hinder his own creditor by placing his funds at the disposal of the creditor of his wife. Giving the garnishee credit, therefore, for the amount which, according to his own answers, the defendant and his wife had drawn from him before the garnishment, $569.60, and the several items of defendant's indebtedness, aggregating $689.28, there is left in his hands, subject to plaintiff's claim, a balance of $541.12. In this estimate we have made no computation for interest, and in view of the fact that in his answers the garnishee makes no claim for interest, and the further fact that he says he had abandoned all hope of collecting his claims, and had lost or destroyed some of the written evidence thereof, we think none should be allowed.

III. There is no evidence tending to sustain the allegation that plaintiff's judgment was obtained by fraud. It is easily possible that the amount for which judgment was obtained was greater than it should have been, had

defendant seen fit to make a defense. It would seem, however, that his feeling of security against a collection by execution was such that he made no defense, and he is not now in position to complain. Nor is there anything of merit in the claim that the contract between plaintiff and defendant was void for champerty, and, even if the claim were well founded, it would not affect the validity of the judgment, or plaintiff's right to enforce the same. It is unnecessary to consider the objection raised by defendant and garnishee to the competency of the defendant's wife as a witness for the plaintiff. Even were her testimony eliminated from the record, the result and conclusion we have reached would remain unchanged.

As the case was tried in equity, it is unnecessary to remand it for further proceedings. It is therefore ordered that the judgment of the district court be modified by reducing the amount of plaintiff's recovery against the garnishee to $541.12, with interest at six per cent. from the date of the garnishee's answers, September 18, 1896, with costs of this court taxed one-third to the appellants and two-thirds to the appellee; and as thus modified the judgment is AFFIRMED.