ROBERT DICKINSON, Appellant, v. IRA D. DAVIS et al.,
Appellees.

**GARNISHMENT:** Rights Acquired—Defendant in Execution Parting with Interest—Corporate Bonds. It is hornbook law that a garnishment reaches whatever interest the defendant in execution has in the property at the time the garnishment is served *and no more.* So held where the defendant in execution had, prior to the service of the garnishment, assigned all his interest in certain corporate bonds held by the garnishee as collateral security.

**FRAUDULENT CONVEYANCES:** Conveyances—When Vulnerable to Attack. It is elementary that a conveyance cannot be overthrown in the absence of a showing of (a) fraud or (b) want of consideration.

GARNISHMENT: Order Not Affecting Plaintiff in Execution—Fu-
3   tility of Objection. A plaintiff in execution who, by his garnish-
ment, reaches no property of the defendant in execution, because
of a good-faith assignment of the property prior to the garnish-
ment, cannot complain of an 'order of the court affecting the as-
signee only.

*Appeal from Polk District Court.*—HON. W. S. AYRES, Judge.

THURSDAY, JUNE 24, 1915.

THIS case involves a controversy between the plaintiff in
garnishment and the intervener as to the ownership of prop-
erty in the hands of the garnishee. Plaintiff's contention is
that at the time of the garnishment the property belonged to
the defendant in execution. The intervener claims to be the
owner by virtue of purchase and assignment to him by the
defendant in execution before garnishment. Judgment for
the intervener. Plaintiff appeals.—*Affirmed.*

*Henry & Henry,* for appellant.

*L. A. Smyres* and *W. H. Stiles,* for W. H. King, inter-
vener, appellee.

*Brown & Brammer,* for Central State Bank, L. M. Dar-
ling and Victoria C. Darling, garnishees.

*W. H. Stiles,* for defendant, Ira D. Davis.

GAYNOR, J.—The plaintiff, Dickinson, having recovered
a judgment against the defendant, Ira D. Davis, caused an
execution to issue, and the Central State Bank to be served
with notice of garnishment. The garnishment notice was
served on the 25th day of November, 1912. On that date,
Davis was indebted to the Central State Bank, garnishee, in
the sum of $4,224.66 on a certain promissory note given by
Davis to said bank. On the day of the garnishment, the
Central State Bank held, as collateral security for the pay-
ment of said note, the following property: One note of
$4,510.63, signed by Victoria C. Darling and Loren M. Dar-
ling, bearing date May 3, 1911, due December 8, 1911, in-

terest 8%, payable to the order of the defendant, Ira D. Davis, and by him endorsed in blank and delivered to the bank. The bank also held as collateral security for the payment of the note of Ira D. Davis, aforesaid, two 5% bonds of the Iowa Loan & Trust Company for $500.00 each, and one 5% bond for $1,000.00 issued by said company to Ira D. Davis, and due April 1, 1913.

At the time the garnishment notice was served, no part of the Davis note to the garnishee of $4,224.66, either principal or interest, had been paid, and no part of the Darling note had been paid except the sum of $930.00 paid by the Darlings to Davis. At the time of the garnishment, the Central State Bank had a first and paramount lien on the bonds aforesaid and upon the Darling note for the payment of the Davis note of $4,224.66. Since said Darling notes were deposited with said bank as collateral security, the Darlings paid to the bank on account thereof $1,000.00, February 4, 1913, and $175.00 on March 28, 1913. These sums so paid were endorsed by the garnishee upon the Davis note.

Upon the trial of this case, it was stipulated that the garnishees, the Darlings, may be permitted to pay to the Central State Bank the balance of their note, and thereupon shall be entitled to have the mortgage given to secure the note canceled of record, and all claims against them as garnishees discharged. After the making of this stipulation, the Darlings did pay to the bank the balance due upon their note to Davis held by the bank as collateral, and they were discharged from liability as garnishees. The controversy here is between the plaintiff, garnisher of the bank, and W. H. King, who was permitted to intervene in the case.

It appears that prior to the garnishment herein, Ira D. Davis made the following written assignment:

"For value received I hereby assign, transfer and set over to W. H. King, of Des Moines, Iowa, all my right, title, and interest in and to three debenture bonds of the Iowa Loan

& Trust Company of Des Moines, Iowa, as follows: One Debenture series No. 14, No. 17 for $1,000.00. One debenture series E. No. 20, $500.00. One debenture series E, No. 21, $500.00.''

On the 18th day of November, Davis served upon the bank garnishee the following notice:

''I have this date made an assignment of the three debenture bonds of the Iowa Loan & Trust Company of Des Moines, Iowa, to W. H. King, subject to your lien on the same as security for loan to me. Upon the payment of the money due you by me, on or about February 1, 1913, you will deliver to the said W. H. King the said bonds as his property, and this order shall be your receipt from me for said delivery.''

It appears that, prior to the making of this assignment and the service of this notice, King had loaned the defendant Davis the sum of $2,000; that at the time the assignment was made, King delivered to Davis the note given to evidence this loan. It appears that this assignment of these debenture bonds was made by Davis to King in full satisfaction of the indebtedness evidenced by the note given by Davis to King, heretofore referred to. The evidence on this point comes from Davis and is as follows:

''I was the owner of the debenture bonds at the time they were left with the Central State Bank as collateral—I had borrowed $1,000 of W. H. King in 1909 and had given him my note for that amount at 7 per cent interest. In 1910, I paid the interest on this note and borrowed $1,000 more, taking up the note for $1,000 and giving my note for $2,000 due November 11, 1912. About the time the $2,000 note came due, Mr. King asked me if I was able to pay him the money, and I told him I did not have it, but that I had the $2,000 in debenture bonds of the Iowa Loan & Trust at the Central

State Bank. That they were up as collateral on a loan, but that the Darling notes and mortgage were assigned as collateral and that they would satisfy the loan I had, and that the bonds would be clear, and that I would make an assignment of these bonds to him for my note. We agreed to meet on the 18th day of November at the office of L. A. Smyres, and close up the deal. I went with Mr. W. H. King on the 18th day of November, 1912, to Smyres' law office in the Iowa Loan & Trust, and Mr. Smyres wrote out an assignment of the bonds from me to W. H. King, subject only to the interests of the Central State Bank, and I signed it, and delivered it to Mr. King, and he delivered to me my note of $2,000 in consideration of the assignment of the bonds. At the same time and place, Mr. Smyres prepared a notice to the Central State Bank for me, saying that I had made an assignment of the three debenture bonds to W. H. King, which I signed and delivered to King.''

Upon this record, the district court adjudged that the Darlings be discharged from any liability as garnishees, upon the payment to the bank of the balance due upon their note to Davis, and ordered that the amount paid by the Darlings be by the bank applied to the payment and discharge of the note held by the bank against Ira D. Davis; that if the amount paid by the Darlings was insufficient to discharge the Davis note, the proceeds from the bonds of the Iowa Loan & Trust Company held by the bank be then applied by the bank upon the Davis note, or so much thereof as would satisfy the note, and that the balance of the proceeds of the bonds be paid over to the intervener King, and that thereupon the garnishee bank be discharged from any further liability on the garnishment. From this order, the plaintiff appeals and contends that the court erred in holding that the intervener, King, became the owner of the proceeds of the debenture bonds, subject only to the rights of the Central State Bank, for the following reasons:

First. The bank held the title to the bonds, and said

bonds, with the other collateral in the hands of the bank, exceeded the amount of its claim against Davis; that plaintiff in the garnishment proceeding was therefore entitled to a contingent judgment against the bank, either giving it a right to the collateral after paying the bank's claim, or that there should have been an order entered providing that the bank should collect the amount due on the collateral, and, after extinguishing defendant's own debt, pay the remainder over to the plaintiff.

Second. That the title to the bonds was in the Central State Bank, and Davis could make no valid transfer of said bonds; that the most he could do was to transfer his interest in the proceeds of the bond, after the bank had satisfied its own claim from the proceeds; that the assignment upon which the intervener relies did not give him the right to the proceeds of the bonds, after the bonds had been collected, but was an attempted assignment of that which had already been assigned to the bank, to wit, the bonds themselves.

Third. Because the instrument of assignment was fraudulent in law, being made without any present consideration being paid therefor.

Fourth. That the court erred in this, that it should have required the bank to satisfy its debt pro rata from the proceeds of the Darling note, and the proceeds of the debenture bonds, and should not have required the bank to make full payment of the proceeds of the Darling note upon its claim, paying the balance only from the proceeds of the debenture bonds.

The first two propositions of appellant can be treated together. These bonds were assigned by Davis to the bank garnishee as collateral security only for the amount due from Davis to the bank. Upon the payment by Davis of his debt to the bank, Davis would be entitled to the bonds, and, upon such payment and a failure to deliver, could have maintained an action against the bank to recover the possession of the bonds. The ownership of the bonds

1. GARNISHMENT: rights acquired: defendant in execution parting with interest: corporate bonds.

in Davis invested him with a right to maintain an action against the Iowa Loan & Trust Company upon the bonds in the event the bonds were not paid by this Trust Company when due. The transfer of these bonds to the garnishee bank invested them with the same rights that Davis had for the collection of them, to wit, a right to collect and appropriate the proceeds to the payment of the note to which the bonds were collateral. The right to the proceeds of these bonds was, at all times, in the owner of the bonds. Like a promissory note, they were in themselves property. When Davis transferred these bonds to the bank as collateral, the law implied an obligation, from the very relationship created, to return these bonds to Davis whenever the debt to which they were collateral was paid, and a legal obligation to return to Davis any portion of the proceeds of the bonds which remained after satisfying the debt to which they were collateral. When Davis assigned to King these bonds, the assignment carried with it the right to maintain an action against the bank for the possession of the bonds upon the payment of the debt to which they were collateral, and a right to maintain an action against the bank to recover the proceeds of the bonds remaining, if any, after the satisfaction of the debt to which they were collateral.

The assignment of the bonds to King carried with it not only the bonds, but all rights of Davis in and to the bonds and their proceeds. This assignment was made before the garnishment was served. Under the garnishment, the plaintiff acquired only such rights in the property as defendant Davis had at the time of the service of the garnishment, and no other. Davis having assigned the bonds to King, subject only to the rights of the bank to hold the same as collateral, there was nothing to which the garnishment could attach. As bearing upon this question, see *McGuire v. Pitts' Sons*, 42 Iowa 535; *Kerr v. Kennedy*, 119 Iowa 239; *Harlow v. Bartlett*, 52 Atl. (Me.) 638; *Ives v. Addison*, 17 Pac. (Kans.) 797; *Handley v. Pfister*, 39 Cal. 283.

The plaintiff and King were both creditors of Davis. King had a right to protect himself and to receive payment in money or property from Davis, although the effect of it might be to prevent other creditors from securing their claims. There is no evidence of any fraudulent intent on the part of King in taking assignment of these bonds. In fact, no purpose is evidenced except the honest purpose to secure the payment of his own claim against Davis. This he secured by taking an assignment of the bonds. When Davis assigned the bonds to King, they became his property, subject only to the right of the bank to hold the same as collateral security. The assignment of the bonds carried with it the right to the proceeds of the bonds, whether collected by the bank or by King, as against Davis. By the assignment, Davis parted not only with the bonds themselves, subject to the bank's right, but to the proceeds of the bonds subject only to the same right. After the notice of the assignment had been served on the bank, it was legally bound to return the bonds to King in the event the indebtedness for which they were collateral was paid, and in the event the bonds were collected by the bank and a balance of the proceeds remained after satisfying the debt to which they were collateral, they could not have paid this balance to Davis without being liable to King therefor.

The bank had nothing, then, in these bonds at the time of the garnishment except a right to apply the same, or their proceeds, to the payment of the debt to which they were collateral, and, therefore, plaintiff reached nothing in the hands of the bank by the garnishment proceeding.

The contention of the plaintiff was that this collateral property in the hands of the bank, or its proceeds, belonged to the defendant, Davis, subject only to the right to appropriate it to the payment of the debts to which it was collateral. By the assignment of these bonds, Davis parted with all that the plaintiff sought to reach by his garnishment. The plaintiff is placed in the position of claiming that, so far as the

garnishment is concerned, the collateral belonged to Davis, subject only to the rights of the bank to appropriate it to the payment of the debts to which it was collateral. If this be true, then the assignment by Davis to King placed King in the same position that Davis would have been in, had no assignment been made. It cannot be said that these bonds assigned to the bank as collateral security belong to Davis for the purpose of attachment, but did not belong to Davis for the purpose of assignment. Whatever rights the plaintiff acquired by his attachment must be worked out through Davis. If Davis had no right to these bonds, or the proceeds, at the time of the attachment, then the plaintiff acquired none by the garnishment.

The next contention of the appellant is that the assignment was fraudulent in law, being made without any present consideration paid therefor. The record discloses that Davis was indebted to King; that he assigned these bonds to King in satisfaction of that debt; that it was a bona fide debt. That the transfer was made in good faith, so far as King was concerned, there can be no question. King accepted the assignment of these bonds in payment of the debt due · from Davis and canceled the debt. This was a good consideration, and, in the absence of any proof of a fraudulent purpose in the transfer, it cannot be attacked on this ground. This is elementary.

2. FRAUDULENT CONVEYANCES: conveyances: when vulnerable to attack.

The last contention of the plaintiff is that the court erred in requiring the garnishee bank to apply the amount received from Darlings in payment of the debt due from Davis to the bank, and in requiring that the bonds, or their proceeds, be used only to satisfy any deficiency arising therefrom. This the garnishee could have done without an order of the court, and the plaintiff could not have complained. Of this, King could not complain and does

3. GARNISHMENT: order not affecting plaintiff in execution: futility of objection.

not complain. We do not think plaintiff is in a position in a proceeding of this kind to insist upon a marshalling of assets.

We find no error in the record, and the cause is— *Affirmed.*

DEEMER, C. J., LADD and SALINGER, JJ., concur.